### In re TREAT FITNESS CENTER, INC., Debtor(s).

### TREAT FITNESS CENTER, INC., Appellant(s),

#### v.

### RAINBOW INVESTMENT CO., Appellee(s).

Bankruptcy No. 3–85–00428 LK.
BAP No. NC 85–1455 EAsM.

United States Bankruptcy
Appellate Panel
of the Ninth Circuit.

Submitted March 12, 1986 without oral argument.

Decided April 21, 1986.

Brian Beckwith, Fitzpatrick Professional Center, Redwood City, Cal., for appellant(s).

Jonathan S. O'Donnell, Horwich & Warner, San Francisco, Cal., for appellee(s).

Before ELLIOTT, ASHLAND and MEYERS, Bankruptcy Judges.

### OPINION

PETER M. ELLIOTT, Bankruptcy Judge:

This is an expedited appeal under Ninth Circuit Bankruptcy Appellate Panel Rule 6 decided without oral argument.

The debtor, a tenant of appellee, appeals from an order declaring its lease rejected by virtue of 11 U.S.C. § 365(d)(4). This section provides that unless a lease of nonresidential property is assumed or rejected within 60 days from the order for relief, the lease is deemed to be rejected.

The question presented is whether the debtor can manifest intent to assume a lease by conduct within the 60 day period of § 365(d)(4) which can be formalized by a court order after expiration of the 60 day period.

We hold that a lease may not be assumed by conduct and affirm.

## FACTS

The debtor filed its Chapter 11 case on March 6, 1985. It leased premises from the appellee with use restricted to health, exercise and physical therapy services and sale of related health products. Appellee asserts that it was not scheduled as a creditor and did not know of the bankruptcy until August of 1985 but concedes that it received rent, albeit late from 12 days to 33 days, for the months of March through September, 1985. When appellee learned of the bankruptcy it moved for an order that the lease be deemed rejected.

The debtor countered with a motion dated September 18, 1985 to assume and assign the lease and argued that appellee knew about the bankruptcy and that there were ongoing discussions with the landlord concerning assignment, sub-lease, or purchase of the lease and contends those discussions to be conduct, "... in fact equivalent to an assumption, subject, of course, to Court approval." [Excerpts P. 34]

## DISCUSSION

The debtor relies upon *In re Electrospace Corp.*, 39 B.R. 632 (S.D.N.Y.1984) and *In re Ro-An Food Enterprises Ltd.*, 41 B.R. 416 (E.D.N.Y.1984).

The *Electrospace* case arose and was decided under Chapter XI of the Bankruptcy Act of 1898 and held that assumption under § 70(b) of the former Act may be shown by, "word or deed" together with the trustee's intent to assume, citing circuit court cases from the Third and Eighth Circuits.

We read 11 U.S.C. § 365 together with Bankruptcy Rule 6006 to require that the debtor or trustee file a formal motion to assume, thus overruling cases under the former Bankruptcy Act that required courts to judge whether words or deeds, often ambiguous at best, constituted an assumption or rejection of a lease or executory contract. In addition, we understand the rule in this Circuit to have been different. *See Local Joint Executive Board v. Hotel Circle*, 613 F.2d 210 (9th Cir.1980) (under former Bankruptcy Act, receiver could not assume collective bargaining agreement without court authority.)

In *Ro-An*, a Chapter 7 case under the new Code, the trustee was required to assume or reject an executory contract or unexpired lease within 60 days after the order for relief or the contract or lease was deemed rejected. 11 U.S.C. § 365(d)(1). The bankruptcy judge found that the trustee did not take any formal action to assume the lease within 60 days and therefore entered an order that the lease was deemed rejected. The district court reversed, holding that the trustee, "... can assume the unexpired lease by action less formal than the Rule 9014 provision for a motion for court approval." The district court cited as authority two of the Third Circuit and Eighth Circuit cases (decided under the former Bankruptcy Act) that were cited by the *Electrospace* court as authority. We respectfully disagree with the district court's decision in *Ro-An*. 11 U.S.C. § 365 specifically states that the trustee, subject to court approval, may assume or reject an executory contract. Bankruptcy Rule 6006 states that a proceeding to assume or reject an executory contract or unexpired lease is governed by Bankruptcy Rule 9014 which in turn states that relief shall be requested by motion and reasonable notice and opportunity for a hearing shall be afforded to the opposing party. To not follow these rather explicit rules would be to lead us back into the morass of attempting to judge the meaning and import of the conduct and conversations of the parties.

Irrespective of the rules, the decision of the district court in *Ro-An* is contrary to the law in this Circuit. In a case decided under the former Bankruptcy Act, *In re Lovitt*, 757 F.2d 1035, 1041 (9th Cir.1985), the court held that the statutory presumption of rejection of a lease by the trustee's nonaction under § 70(b) of the former Bankruptcy Act was a conclusive presumption and effective even though the leases were not disclosed on the bankrupt's schedules and the trustee had no knowledge of

the existence of the leases from any other source.

Appellee relies upon the decision of Bankruptcy Judge Allen in a case entitled *In re By-Rite Distributing, Inc.*, 47 B.R. 660 (Bankr.D.Utah 1985). That decision was reversed by District Judge Jenkins (a former bankruptcy judge) in an excellent opinion reported as *In re By-Rite Distributing, Inc.*, 55 B.R. 740 (D.Utah 1985). In *By-Rite*, the Chapter 11 debtor filed its motion to assume the unexpired lease on the 60th day following the order for relief. The motion was duly noticed and came on for hearing some 22 days later, or 82 days after the order for relief. The motion was unopposed. Judge Jenkins held that the bankruptcy judge erred in construing § 365(d)(4) to require that the assumption of the lease be approved by an order of court within the 60 day period.

In the case on appeal, the bankruptcy judge found that the debtor did not make a timely motion to assume the lease, a finding supported by the record and one that is not clearly erroneous. That finding supports the second conclusion of law that the debtor failed to timely assume the lease under 11 U.S.C. § 365(d)(4) and the order should be affirmed on that basis.

The first conclusion of law, that court approval of assumption must be obtained within the time limitations of § 365(d)(4), a conclusion at odds with Judge Jenkins' decision in the *By-Rite* case reported at 55 B.R. 740, is not approved as unnecessary to the decision.

AFFIRMED.