In the Matter of COMMUNICATIONS COMPANY OF AMERICA, Debtor.

Bankruptcy No. 86-1464.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 26, 1986.

Shirley C. Arcuri, Tampa, Fla., for debtor.

Robert W. Clark, Tampa, Fla., for movant.

### ORDER ON MOTION TO LIFT AUTOMATIC STAY AND ORDER ON MOTION TO ASSUME LEASE

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration in this Chapter 11 case are a Motion to Lift

Automatic Stay filed by Amaprop Developments (Amaprop), a landlord of Communications Company of America, the Debtor (Debtor), and a Motion to Assume Lease filed by the Debtor. Amaprop seeks relief from the automatic stay in order to gain possession of the business premises currently leased from Amaprop to the Debtor, alleging that the Debtor failed to move to assume the lease within 60 days of the filing of the petition as required by 11 U.S.C. § 365(d)(4). In the Debtor's response to this Motion to Lift Stay, the Debtor moved to assume the lease on the premises. The Court has considered the record and the evidence produced at the hearing in this cause and finds as follows:

On April 16, 1986, the debtor filed its petition for relief under Chapter 11 in this Court. On June 25, 1986, Amaprop filed its Motion to Lift Automatic Stay seeking to regain possession of the leased premises at issue here. On July 8, 1986, 83 days after the Debtor filed its return, the Debtor filed a Response to the Motion to Lift Stay and Motion to Assume Lease. Section 365(d)(4) of the Bankruptcy Code provides that if the trustee or debtor in possession in a Chapter 11 case does not within 60 days of the filing of the petition file a Motion to Assume a Nonresidential Lease or file a Motion to Extend the time within which to assume or reject a nonresidential lease, then the lease is deemed to be rejected. The Debtor urges that this Court, as a Court of Equity, can ignore the strict time limits imposed by § 365(d)(4) when it is necessary to reorganize the estate and the landlord is not harmed. *See, i.e., Curio Shoppes, Inc.*, 55 B.R. 148 (Bankr.D.Conn. 1985); however, this Court is satisfied that the clear reading of the statute and the more persuasive law compels a finding that the lease was by operation of law deemed to be rejected when the Debtor failed to file a Motion to Assume the lease within 60 days of the filing of the petition as required by § 365(d)(4). *See, i.e., In re Treat Fitness Center, Inc.*, 60 B.R. 878 (Bankr. 9th Cir. BAP 1986); *In re By-Rite Distributing, Inc.*, 55 B.R. 740 (N.D.Utah, 1985). It therefore appears appropriate to grant the relief from the stay as requested by Amaprop and deny the Motion to Assume Lease filed by the Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Assume Lease filed by the Debtor be, and the same is hereby, denied, and the lease between Amaprop Development, as landlord, and Communications Company of America, as tenant, be, and the same is hereby, rejected. It is further.

ORDERED, ADJUDGED AND DECREED that the Motion to Lift Automatic Stay be, and the same is hereby, granted, and Amaprop Development be, and the same is hereby, granted leave to institute appropriate proceedings to gain possession of the premises currently occupied by the Debtor.