**In re A.H. ROBINS COMPANY, INC., Debtor.**

**Bankruptcy No. 85–01307–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Dec. 29, 1986.

Dennis Drebsky, Skadden, Arps, Slate, Meagher & Flom, New York City, for debtor.

Benjamin C. Ackerly, Hunton & Williams, Richmond, Va., for movant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court on the motion of Johnson & Higgins of Virginia, Inc. for an order of the Court declaring that A.H. Robins Company, Inc. has assumed certain executory contracts. A hearing was conducted on November 24, 1986 at the conclusion of which this matter was taken under advisement. Based upon the evidence adduced at the hearing, the arguments of counsel and the memoranda filed by the parties, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

A.H. Robins Company, Inc. ("Robins" or "Debtor-in-Possession") filed with this Court a petition for relief under Chapter 11 ("petition") of the Bankruptcy Code on August 21, 1985 and has continued as Debtor-in-Possession since the date of said filing. Johnson & Higgins of Virginia, Inc. ("J & H") is a Virginia corporation authorized to solicit, negotiate and effect insurance in the Commonwealth of Virginia pursuant to an agency license issued by the Bureau of Insurance of the State Corporation Commission of the Commonwealth of Virginia.

As insurance agent, J & H, among other things, solicits, negotiates and effects insurance, collects and remits premiums, investigates and reports claims, and calculates additional premiums due to insurance providers. Prior to and since August 21, 1985, the date Robins filed its petition, in the ordinary course of business of both Robins and J & H, J & H has obtained numerous insurance contracts ("Insurance Contracts"), for Robins incidental to the continued operation of Robins' business.

Subsequent to August 21, 1985, Robins made timely payments to J & H of insurance premiums due for the Insurance Contracts. J & H, pursuant to the provisions of the Insurance Contracts, has forwarded said premium payments to the insurance providers to ensure continued coverage of the Debtor-in-Possession.

During the initial phase of the post-petition period, Robins represented to J & H its intention to assume the Insurance Contracts and on March 13, 1986, the Debtor-in-Possession filed a motion for an order authorizing assumption of a large group of executory contracts including certain of the Insurance Contracts at issue in this matter. Robins' motion was dismissed without prejudice on April 11, 1986 and Robins was granted leave to file one or more motions under § 365 of the Bankruptcy Code to assume specific executory contracts. To

date, no such motion has been filed with respect to the Insurance Contracts.

On or about July 9, 1986, Robins made demand on J & H to repay to the estate $135,830.85 of the insurance premiums paid to J & H since August 21, 1985 on the ground that such amount constituted an improper post-petition payment of a pre-petition indebtedness. Robins has calculated that $135,830.85 is related to pre-petition insurance coverage by prorating the premium of each of the Insurance Contracts between the pre-petition and post-petition terms of the contracts. J & H has refused to repay the estate and requests this Court to enter an order, *nunc pro tunc,* declaring that Robins, by its conduct, has assumed the Insurance Contracts as of August 21, 1985 and validating the payments made to J & H since that date.

### CONCLUSIONS OF LAW

■ Section 365 of the Bankruptcy Code provides, in relevant part:

(a) Except as provided in section 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

. . . . .

(d)(2) In a case under Chapter 9, 11, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

11 U.S.C. § 365.

The parties have stipulated and the Court makes a finding that the Insurance Contracts at issue in this matter are executory contracts. Though there is no precise definition of what contracts are exec-

utory, they are generally contracts on which performance remains due to some extent on both sides. *See In re B. Siegel Co.,* 51 B.R. 159 (Bankr.E.D.Mich.1985). *In re New England Carpet Co.,* 18 B.R. 514 (Bankr.D.Vt.1982); *In re Reda,* 54 B.R. 871 (Bankr.N.D.Ill.1985). As there is a continuing obligation on behalf of Robins to continue to make premium payments through its agent J & H and a concurrent obligation on the part of J & H to go forward with its duties as an agent, the Insurance Contracts are and were clearly executory on the date Robins filed its petition for relief under Chapter 11.

■ Section 365 is a special provision in the Bankruptcy Code which gives the trustee or the debtor-in-possession [1] the authority to determine which contracts it wishes to assume or reject. The provision permits the debtor-in-possession to avoid contracts which are burdensome and to retain others which it believes are beneficial to the reorganization effort. *In re G–N Partners,* 48 B.R. 462 (Bankr.D.Minn.1985). This case is somewhat unusual in that it is before the Court not on the motion of Robins to assume or reject but rather on the motion of the non-debtor party, J & H, for an order declaring that Robins has assumed the Insurance Contracts by virtue of its conduct during the post-petition period.

J & H's motion reveals an effort on the part of a creditor to utilize to its advantage a statute designed to inure to the benefit of the bankruptcy estate. The Court does not condone such action; however, it is sympathetic to the procedural dilemma which J & H faces. If J & H were to follow the course prescribed by § 365(d)(2) of the Code,—if it were to request the Court to order Robins to determine within a specified time period to either assume or reject the Insurance Contracts—it would defeat its own argument, inasmuch as demanding that a decision be made presupposes that an assumption has not yet occurred. As J

---

1. Section 1107 of the Code gives a debtor-in-possession essentially all of the powers of a trustee.

Any reference in this opinion to a Chapter 11 trustee also includes a debtor-in-possession.

& H's position is that Robins has impliedly assumed the Insurance Contracts by its conduct, it contends that a motion under § 365(d)(2) is not only detrimental to its argument but is also inappropriate at this juncture since, except for obtaining Court approval, Robins has taken all the steps which are necessary to assume the Insurance Contracts.

Because of the unique circumstances of this case and because efficiency would not be served by a dismissal of this action for a procedural irregularity, the Court will entertain J & H's motion. It is with an eye toward the likelihood that similar proceedings are certain to come before the Court and identical issues raised again that the Court feels compelled to address the "assumption-by-conduct" issue at the present time.

While the Court is willing to look past procedural irregularities, it has grave doubts about the substantive validity of J & H's motion. This Court is very much aware of the ambiguity surrounding the procedure for rejection or assumption of executory contracts and is well acquainted with the case law which reveals a split of authority on the question of whether assumption by conduct is possible. For the reasons that follow, however, this Court finds the "assumption-by-conduct" argument to be flawed and fraught with potential for the precise type of confusion which Congress sought to prevent with the passage of § 365 of the Bankruptcy Code.

Section 365, as enacted in 1978 and amended in 1984, represents a significant departure from its predecessor § 70(b) of the Bankruptcy Act, 11 U.S.C. § 110(b) (repealed). Under § 70(b) the courts disagreed on the question of whether assumption or rejection of an executory contract required court approval. Former Bankruptcy Rule 607 stated that "[w]henever practicable, the trustee shall obtain approval of the Court before he assumes [an executory contract]." The vagueness of this language resulted in some courts hold-

ing that informal acts of the debtor-in-possession without court approval could constitute assumption. *In re By-Rite Distributing, Inc.,* 47 B.R. 660 (Bankr.D.Utah), *rev'd on other grounds,* 55 B.R. 740 (Bankr.N.D. Utah 1985). *See Nostromo, Inc. v. Fahrenkrog,* 388 F.2d 82 (8th Cir.1968); *Brown v. Presbyterian Ministers Fund,* 484 F.2d 998 (3rd Cir.1973). "An assumption [could] be shown by word or by deed consistent with the conclusion that the trustee intended to assume." *In re Steelship Corp.* 576 F.2d 128, 132 (8th Cir.1978). Even under the Act, however, the better rule was that court approval was necessary before an assumption or rejection could be accomplished. *See In re American National Trust,* 426 F.2d 1059 (7th Cir.1970); *Texas Importing Co. v. Banco Popular de Puerto Rico,* 360 F.2d 582 (5th Cir.1966). *See In re Kelly Lyn Franchise Co.,* 26 B.R. 441 (Bankr.M.D.Tenn.1983) (for a comparison of the assumption/rejection procedure under § 70(b) of the Act and under § 365 of the Code).

In a well-reasoned opinion decided under the Code, Judge Lundin rejected the notion that assumption could be implied from the debtor's conduct. In *In re Kelly Lyn Franchise Co., supra,* 26 B.R. at 444–445 he writes:

> The court rejects debtor's contention that the assumption of an unexpired lease can be accomplished by implication.... Assumption or rejection by implication or by action leads inevitably to the kind of confusion and uncertainty exemplified by this case. Moreover, the explicit requirement of court approval is now clear under the language of § 365(a) of the Code....
>
> Section 365(a) makes clear that an assumption of an executory contract 'can only be effected through an express order of the court.' 2 L. King, Collier on Bankruptcy ¶ 365.03 at 365–21 (15th ed. 1982).

This Court finds the language of the statute to be clear. An executory con-

tract may not be assumed without court approval. The precise moment in time when court approval must be obtained is admittedly unclear; however, it is the opinion of this Court that the Code does not contemplate a situation such as the one at bar, whereby the debtor-in-possession is deemed to have assumed an executory contract and court approval of that assumption is sought by the non-debtor party through *nunc pro tunc* order nearly a year after the fact. J & H was aware from the date Robins filed its petition that it was dealing with an entity which had filed for relief under the Bankruptcy Code. Likewise, J & H was charged with knowledge of the Order of this Court entered August 23, 1985 which prohibited Robins from making any payments subsequent to the date of the petition which could be attributed to debt incurred before the petition was filed. The proper procedure would have been for J & H to request, before accepting the premium payments from Robins and continuing its services as insurance agent, an order from this Court requiring Robins to make a determination whether to assume or reject the contracts. J & H was not privileged, as it contends, to rely on Robins' word that it intended to assume the Insurance Contracts, and it should have sought Court approval before it resumed providing services to the Debtor-in-Possession post-petition.

In addition to the plain language of the statute, Bankruptcy Rule 6006 reinforces the conclusion that court approval is necessary before the debtor-in-possession may assume or reject an executory contract. It reads:

(a) *Proceeding to Assume, Reject, or Assign.* A proceeding to assume, reject, or assign an executory contract, including an unexpired lease other than as part of a plan is governed by Rule 9014.

(b) *Proceeding to Require Trustee To Act.* A proceeding by a party to an executory contract or unexpired lease in a chapter 9 municipality case, Chapter 11 reorganization case, or chapter 13 individual's debt adjustment case, to require the trustee, debtor in possession, or debtor to determine whether to assume or reject the contract or lease is governed by Rule 9014.

(c) *Hearing.* When a motion is made pursuant to subdivision (a) or (b) of this rule, the court shall set a hearing on notice to the other party to the contract and to other parties in interest as the court may direct.

Fed.R.Bankr.P. 6006.

Bankruptcy Rule 9014 specifies in relevant part, that "relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed.R. Bankr.P. 9014.

The appropriate Code section and the Rules, when viewed together, indicate to this Court that Congress contemplated the following scenario in a proceeding under § 365: If a contract is considered to be executory, the Chapter 11 debtor-in-possession has until the time of confirmation of the Plan or until the creditor forces the issue under § 365(d)(2) to decide whether to assume or reject it. Once such a determination is made, a motion to assume or reject must be made and a hearing convened to determine any issues relative to how the interest of the parties involved will be served by the assumption or rejection. If the Court finds that one or the other will benefit the reorganization effort of the debtor-in-possession, it generally will grant the necessary approval of the assumption or rejection. *See* H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 348–349 (1977), 1978 U.S.Code Cong. & Admin.News, pp. 5787, 6305; S.Rep. No. 95–989, 95th Cong. 2d Sess. 59 (1978), 1978 U.S.Code Cong. & Admin.News, p. 5845; *Matter of Burns Fabricating Company*, 61 B.R. 955 (Bankr.E.D.Mich.1986) ("The proper procedure for such action would be a motion, notice, a hearing, and a court decision.") *In re Southwest Aircraft Services, Inc.*, 53

B.R. 805 (Bankr.D.Calif.1985) ("... the trustee or the debtor-in-possession must obtain a hearing and a decision ...").

While it is true the court will give great deference to the business judgment of the debtor-in-possession regarding its decision to assume or reject, *In re By-Rite Distributing, Inc., supra*, 47 B.R. at 668, it is not until the Court has been afforded the opportunity to review the facts before it and to make its own determinations of the legal issues involved that the procedure contemplated by the Code and Rules may be fully realized.[2]

Judicial approval of a motion to assume is critical, as issues of cure of default, adequate assurance of future performance and compensation for pecuniary loss sustained as a result of default are matters of law left solely to the court's resolve. 11 U.S.C. § 365(b)(1). *See In re Lafayette Radio Electronics Corp.*, 7 B.R. 189 (Bankr.E.D.N.Y.1980); *Executive Square Office Bldg. v. O'Conner, Etc.*, 19 B.R. 143 (Bankr.N.D.Fla.1981). The debtor-in-possession cannot unilaterally decide whether the tests of § 365(b)(1) have or have not been met, and certainly the *non-debtor party* has no authority to make such a determination. Court approval plays a much more significant part than the perfunctory role which J & H asserts; in fact it is an indispensible step in the process. To not follow the rather explicit rules laid out by Congress would be to lead the courts back into the morass of attempting to judge the meaning of the conduct and conversations of the parties. *In re Treat Fitness Center*, 60 B.R. 878, 14 B.C.D. 632 (B.A.P.N.D.Calif., 1986).

J & H concedes the necessity of obtaining court approval, but it apparently mis-

perceives the significance of obtaining it in a prompt and timely fashion. This Court is in agreement with *In re Kelly Lyn Franchise Company, Inc., supra*, 26 B.R. at 446, which held that "the debtor's election to assume or reject an executory contract should be in unconditional and unambiguous form ... the election should incorporate a request for the Court's approval and should be heard by the Court *at the earliest opportunity.*" (Emphasis added). Just as Robins would not be privileged to reap the post-petition benefits of executory contracts without a *quid pro quo* payment or a prompt motion to assume, J & H, as the non-debtor party, cannot come into this Court on this late date requesting a declaration that Robins has assumed the Insurance Contracts by its conduct.

It is a rare instance that the conduct of the debtor-in-possession with regard to an executory contract will constitute an assumption of that agreement for § 365 purposes. *See e.g. In re Concrete Pipe Machinery*, 28 B.R. 837 (Bankr.N.D.Iowa 1983) (Act case); *In re California Steel Co.*, 24 B.R. 185 (Bankr.N.D.Ill.1982) (Act case); *In re Yonkers Hamilton Sanitarium, Inc.*, 22 B.R. 427 (Bankr.S.D.N.Y.1982) *aff'd*, 34 B.R. 385 (S.D.N.Y.1983); *In re Shoppers Paradise, Inc.*, 8 B.R. 271 (Bankr.S.D.N.Y.1980). And the Court is apprised of only a single case in which approval of an assumption by conduct was granted by *nunc pro tunc* order. *In re Reda*, 54 B.R. 871 (Bankr.N.D.Ill.1985). The more generally followed rule is that acceptance of benefits (i.e. "conduct") under an executory contract does not in and of itself work an assumption. *See In re Harris Management Co.*, 791 F.2d 1412 (9th Cir.1986); *In re Whitcomb & Keller*

---

**2.** Although the Court *may* require that additional creditors receive notice, its responsibility to examine the interests of all parties is magnified by the fact that all creditors do not *have to be* noticed of a motion to assume or reject under Bankruptcy Rule 6006(c). It would seem appropriate that some established procedure be adopted by Local Rule to supplement the requirement of notice to parties other than the

debtor and the creditor affected by the assumption. See *In re Timbers of Inwood Forest*, 793 F.2d 1380 (5th Cir.1986) n. 46, where the Southern District of Texas, recognizing that other creditors may have an interest in the resolution of a § 362 motion, supplemented the notice requirements of Bankruptcy Rule 4001 with its own Local Rule requiring notice to additional creditors.

*Mortgage Co., Inc.*, 715 F.2d 375 (7th Cir. 1983); *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984); *In re By-Rite Distributing, Inc.*, 47 B.R. 660 (Bankr.D.Utah) *rev'd on other grounds*, 55 B.R. 740 (1985); *In re Kelly Lyn Franchise Co., Inc.*, 26 B.R. 441 (Bankr.M.D.Tenn.) *aff'd*, 33 B.R. 112 (D.C. Tenn.1983).

 Continuing to receive benefits and electing to assume an executory contract are two wholly different matters. An election to assume requires a positive action on the part of the debtor-in-possession. On the other hand, a passive acceptance of benefits from a creditor during the post-petition period merely converts that creditor's claim for post-petition services into one entitled to an administrative priority. *In re GHR Energy Corp.*, 41 B.R. 668 (Bankr.D. Mass.1984). Robins has paid (and has not requested a return of) all premiums allocable to the post-petition period, and J & H has received a corresponding and correlative benefit under the Insurance Contracts. Therefore, this is not the "rare" situation discussed in the *Reda* case, and if J & H, as a result of this opinion, is forced to repay the sum attributable to pre-petition coverage,[3] it has not relied to its detriment or suffered any greater prejudice than any other similarly situated recipient of an improper post-petition payment.

Although Robins initially moved to assume on March 13, 1986 a large group of executory contracts which included the Insurance Contracts at issue here, Robins has since represented to the Court that it does not wish to assume the Insurance Contracts and contrarily that it now desires to reject them. The debtor-in-possession having expressed its preference under § 365, the non-debtor party, J & H, cannot distort the purposes of a statutory provision de-signed to benefit the reorganization process by requesting the Court to enter an order in direct contravention of the debtor's expressed desire.

To accord the relief requested by J & H in this matter would be an invitation to a wholesale ignoring of the stated requirements of § 365 of the Bankruptcy Code. In addition, such a result could encourage collusion on the parts of a debtor-in-possession and specific creditors of his choosing inasmuch as the parties could agree to effect an assumption of an executory contract between them and later present their actions to the Court for the perfunctory step of *nunc pro tunc* court approval. If the court approval stage were relegated to the status of a mere formality, all notice requirements would be eviscerated and both the power of the court to grant approval and the conditional right of the creditors to object would be rendered meaningless. This is neither the intent of the statute nor the setting of a proceeding thereunder envisioned by Congress. As court approval is not a perfunctory step and assumption by conduct cannot be sanctioned by this Court, the motion of J & H for an order declaring that Robins, by its conduct, has assumed certain Insurance Contracts should be denied.

An appropriate Order will issue.

---

3. The Court makes no finding as to the validity of the amount Robins has calculated to be attributable to pre-petition services under the Insurance Contracts. The parties have stipulated only that Robins has made the calculation, not that the amount claimed is actually correct. Therefore, the Court accepts the figure for the limited purposes of this motion only and not for the purposes of any action for recovery of property under 11 U.S.C. § 549 or § 550 which Robins may wish to institute.