In re SWISS HOT DOG
COMPANY, Debtor.

In re Ernst LARESE, Debtor.

SWISS HOT DOG COMPANY and
Ernst Larese, Appellants,

v.

VAIL VILLAGE INN, INC., Appellee.

Civ. A. No. 86–K–2285.
Bankruptcy Nos. 86 B 7243 E,
86 B 7244 C.

United States District Court,
D. Colorado.

April 27, 1987.

Stephen E. Tinkler, Denver, Colo., for appellants.

James B. Holden, and Peter J. Lucas, Sherman & Howard, Denver, Colo., for appellees.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an appeal from an October 31, 1986 order of the bankruptcy court. Jurisdiction lies under 28 U.S.C. § 158(a) and Rule 8001(a) of the Rules of Bankruptcy Procedure.

The sole issue before me is one of law. The bankruptcy court found the debtors had rejected a commercial lease because they failed to file a motion for assumption of the lease within sixty days of the date they petitioned for chapter 11 bankruptcy. The court therefore annulled the automatic stay of 11 U.S.C. § 362. For the reasons expressed below, I affirm the judgment of the bankruptcy court.

### Factual Background

The essential facts giving rise to this controversy are not in dispute. Appellee, as lessor, obtained a judgment in Colorado state court against the lessee debtors. Debtors appealed the judgment to the Colorado Court of Appeals, "[b]ut due to these decisions by the state district court and approximately $160,000.00 of unsecured debt that could not be serviced without continued operation of debtors' business under the lease with VVI, debtors filed voluntary petitions under chapter 11 on August 8, 1986." Appellants' Opening Brief at vi.

By entering bankruptcy and invoking the automatic stay provision of 11 U.S.C. § 362(a), debtors prevented VVI from enforcing the judgment of the state district court, and recovering possession of the leased premises, pending the appeal. Appellee accordingly moved for relief from the stay. Appellants now object to the bankruptcy court's grant of the motion.

### The Bankruptcy Court

The bankruptcy court's decision was predicated on an analysis of 11 U.S.C. § 365(d)(4). That section states:

(4) Notwithstanding paragraphs (1) and (2),[1] in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

As explained in *In re Bon Ton Restaurant and Pastry Shop, Inc.*, 52 B.R. 850 (Bankr.N.D.Ill.1985), Congress added § 365(d)(4) to the bankruptcy code by way of the 1984 amendments. *Id.* at 852. Before those amendments were effected,

---

1. Paragraphs (1) and (2) of § 365 state:
   (d)(1) In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such contract or lease is deemed rejected.
   (2) In a case under chapter 9, 11, 12, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.
   Section 365(d)(1) is not applicable here since debtors did not institute a chapter 7 proceeding. As for § 365(d)(2), the debtors never filed a chapter plan. Record on Appeal, Vol. I at 125. Neither, apparently, did any party request a determination of assumption within some specified period of time. *See id.* In any event, the provisions of § 365(d)(2) are qualified by the express terms of § 365(d)(4).

the trustee in a chapter 11 case could assume an unexpired lease of nonresidential real property at any time before confirmation of a plan if not assumed within sixty days after the order for relief. Such leases are now deemed rejected under section 365(d)(4) if not assumed within sixty days after the order for relief unless the court, for cause, grants additional time during that sixty-day period. *Id.*

In the instant case, appellants failed to file a motion to assume the lease within sixty days of the order for relief. Indeed, appellants frankly admitted they had *never* filed such a motion. Record on Appeal, Volume II at 10. Based on a straightforward reading of § 365(d)(4), the bankruptcy court therefore held debtors had rejected the lease. Appellee was consequently entitled to relief from the automatic stay.

The bankruptcy court's position is supported by at least four compelling sources of analysis: governing bankruptcy statutes and rules, pertinent case law, general considerations of bankruptcy policy and bankruptcy case management, and principles of federalism as applied to the specific facts of this case. I will conduct each analysis separately.

### Bankruptcy Statutes and Rules

As noted above, the starting point for the purposes of this controversy is 11 U.S.C. § 365(d)(4). That section, however, "is to be read in conjunction with section 365(a) and section 365(b)(1) with regard to the act of assumption." *Bon Ton*, at 852.

Section 365(a) directs that "[e]xcept as provided in sections 765 and 766 of this title and in subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." This section "requires that the assumption have court approval in the form of an express order." *Bon Ton*, at 852. The trustee or debtor-in-possession may not, therefore, unilaterally assume a lease. *See In re Harris Management Company, Inc.*, 791 F.2d 1412, 1414 (9th Cir.1986) ("assumption under section 365 requires the express approval of the court").

Section 365(b)(1) further qualifies the right to assume. "Where there has been a default under the lease, section 365(b)(1) conditions the trustee's power of assumption on first curing the default, compensating the other party for damages resulting therefrom, and providing adequate assurance of future performance under the lease." *Bon Ton*, at 852. Thus, in deciding if approval of assumption is warranted, the bankruptcy court will also "consider whether the conditions imposed under section 365(b)(1) have or can be met." *In re Grayhall Resources, Inc.*, 63 B.R. 382, 384 (Bankr.D.Colo.1986).

In the case at bar, appellants never sought prior approval from the bankruptcy court for their assumption of the contested lease. They were forced to confront the issue only as a result of appellee's motion for relief from the automatic stay. To support their position in opposing this motion, appellants intended to present evidence in the bankruptcy court "of the actions they took which manifested their unequivocal intent to assume the lease and or actions and statements of VVI which demonstrated their knowledge of debtors' intent to assume the lease." Appellants' Opening Brief, at 3. In effect, appellants sought to persuade the bankruptcy court to accept, *ex post facto*, their own unilateral determination that the lease already had been assumed.

By attempting to present the bankruptcy court with a *fait accompli*, appellants violated section 365(a)'s clear mandate of court approval.[2] I read the requirement of court approval to call for prior court approval. Otherwise, the requirement would be little more than a rubber stamp. Additionally, appellants' offer of proof also constituted a usurpation of the bankruptcy

---

**2.** My interpretation of debtors' position is supported by the record. "[I]f the debtor couldn't comply and make up its mind it could always ask for an extension of time." Record on Appeal, Vol. II at 6. Appellants' failure to protect their interests in this manner demonstrates an understanding on their part that they had *previously* assumed the lease.

court's responsibility to adjudicate any issues of compliance with the conditions enunciated in section 365(b)(1). Thus, on the basis of the statutory scheme espoused by sections 365(a) and (b)(1), the bankruptcy court's judgment should be affirmed.

■ The bankruptcy judge, however, did not explicitly base her decision on this point. Rather, she did not permit the debtors to proffer their evidence because her reading of § 365(d)(4) rendered its presentation moot. "[I]f you want to assume the lease," noted Judge Clark, "you do a very simple thing and that is you file a motion to assume it which then puts everybody on notice that that's your intent, because tremendous consequences flow in an [chapter] 11 from an assumption of a lease. And that is, if you later default then they [appellee] have an administrative claim for damages." Record on Appeal, Vol. II at 9.

This point is well taken and provides another basis for affirmance. Citing *In re Ro-An Food Enterprises Ltd.*, 41 B.R. 416, 418 (E.D.N.Y.1984), debtors claim "neither the bankruptcy code, nor the bankruptcy rules specify any particular manner in which a lease is assumed or rejected, except to say that it is subject to court approval." Appellants' Opening Brief, at 2. Although § 365 contains no such specification, I must disagree with the *Ro-An* court's conclusion that the bankruptcy rules also fail to fill this lacuna.

Bankruptcy Rule 6006(a) succinctly posits that "[a] proceeding to assume, reject, or assign an executory contract, including an unexpired lease, other than as part of a plan is governed by Rule 9014." No plan was ever filed in this case, Record on Appeal, Vol. I at 125, and so Rule 6006(a) is controlling. Therefore, appellants' claim of assumption of the lease "is governed by Rule 9014." The first sentence of Bankruptcy Rule 9014 bluntly holds: "In a contested matter in a case under the [bankruptcy] code not otherwise governed by these rules, *relief shall be requested by motion,* and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." (Emphasis added.) Thus, Rules 6006(a) and 9014

clearly required appellants to file a motion seeking a determination of assumption of the lease. Since appellants indisputably failed to comply with this requirement, the bankruptcy court properly refused to hold an evidentiary hearing. The bankruptcy court correctly held the lease had been rejected because of the expiration of the 60 day time limit imposed by § 365(d)(4).

*Case Law*

This conclusion receives ample support in cases decided in other jurisdictions. Appellants opine the cases permit informal assumption of the lease through conduct. I have read the three cases cited, Appellants' Opening Brief at 2–3, in support of this proposition: *Ro-An; In re Electrospace Corp.*, 39 B.R. 632 (S.D.N.Y.1984); and *In re 1 Potato 2, Inc.*, 58 B.R. 752 (Bankr.D. Minn.1986).

Of the three cases, only *Ro-An* is on point. As stated above, I respectfully decline to follow that case because, in my view, it gives short shrift to Rules 6006(a) and 9014. I believe the better reasoned position to be exemplified by such cases as *In re Treat Fitness Center, Inc.*, 60 B.R. 878 (9th Cir.Bankr.App.Panel 1986). The *Treat* court wrote:

We respectfully disagree with the district court's decision in *Ro-An.* 11 U.S.C. § 365 specifically states that the trustee, subject to court approval, may assume or reject an executory contract. Bankruptcy Rule 6006 states that a proceeding to assume or reject an executory contract or unexpired lease is governed by Bankruptcy Rule 9014 which in turn states that relief shall be requested by motion and reasonable notice and opportunity for a hearing shall be afforded to the opposing party. To not follow these rather explicit rules would be to lead us back into the morass of attempting to judge the meaning and import of the conduct and conversations of the parties. *Id.* at 879.

I agree with this rationale and so adopt the rule espoused by the *Treat* line of cases. *Accord In re A.H. Robins Co., Inc.*, 68 B.R. 705, 709 (Bankr.E.D.Va.1986); *In re Communications Company of America*, 65 B.R. 580, 581 (Bankr.M.D.Fla.1986);

*In re Chandel Enterprises, Inc.*, 64 B.R. 607, 609 (Bankr.C.D.Cal.1986); *see also In re Bon Ton*, at 854, 854, n. 6 (dictum).

*Electrospace* is similarly unpersuasive. That case was decided under § 70(b) and Rule 607 of the old bankruptcy act and rules, respectively. *Id.* at 638. Cases decided under these repealed provisions are of little use in adjudicating the issue under consideration here because former Rule 607 only suggested, and did not require, court approval before the trustee assumed an executory contract. *A.H. Robins*, at 708; *see also In Re By-Rite Distributing, Inc.*, 55 B.R. 740, 742–43, n. 5 (D.Utah 1985) (noting that "[c]ases under the old bankruptcy act allowed a trustee in some circumstances to assume an unexpired lease or an executory contract by implication, that is, by conduct short of filing a motion to assume," but explicitly declining to decide whether assumption by conduct was still permissible under the new bankruptcy code). "The vagueness of this language [of former Rule 607] resulted in some courts holding that informal acts of the debtor-in-possession without court approval could constitute assumption." *A.H. Robins*, at 708. These holdings are contrary to the express wording of the current version of § 365(a) and to Rules 6006(a) and 9014. I therefore find *Electrospace* to be inapplicable.

Finally, *1 Potato 2* is also unavailing. The court in that case held "it is only the trustee's action that must occur within the 60 days." *Id.* at 755. Quoting *Bon Ton*, the court found no time contraints under § 365(a) or § 365(d)(4) for entry of court approval of a trustee's decision to assume or reject a continuing lease. *Id.* The court also discussed dicta from *By-Rite* and *Bon Ton* to the effect that the filing of a motion for assumption manifested "an unconditional and unambiguous decision" to assume. *1 Potato 2*, at 754–55. In each of those cases, the debtor had filed a formal motion within the 60 day time period. As noted above, the *By-Rite* court specifically declined to decide the question of assumption in the absence of a motion. 55 B.R. at 742–43, n. 5. *Bon Ton* also raised the issue in a footnote, but did not resolve it. 52 B.R. at 854 n. 6. I decline to follow *1*

*Potato 2* to the extent it exceeds the scope of the *By-Rite* and *Bon Ton* discussions on assumption by conduct.

In sum, I find the case law cited by appellee more persuasive than that cited by appellants. This decision is at least obliquely supported by the telling absence of any arguments refuting the *Treat* cases in appellants' reply brief. The reply brief focuses on whether the lease had been terminated before the bankruptcy petition was filed. This issue is the subject of the merits of the state court appeal, and has no place in this bankruptcy appeal.

*Bankruptcy Policy and Case Management*

Policy considerations also support the holding that the debtors' assumption of a lease cannot be effected solely by conduct. First, the differences between the former rule 607 and the current Rule 6006 bespeak Congressional intent to strengthen the role of the court in the assumption/rejection decision-making process. "Court approval" is now "an indispensible step in the process." *A.H. Robins*, at 710. "To not follow the rather explicit rules laid out by Congress would be to lead the courts back into the morass of attempting to judge the meaning of the conduct and conversations of the parties." *Id.*, citing *Treat*.

Secondly, approval of debtors' argument would effectively read portions of § 365 out of the bankruptcy code. "The debtor-in-possession cannot unilaterally decide whether the tests of § 365(b)(1) have or have not been met." *A.H. Robins*, at 710. In addition, the debtor-in-possession could, to the detriment of some creditors, collusively agree with other creditors to the assumption of a certain executory contract "and later present their actions to the court for the perfunctory step of *nunc pro tunc* court approval." *Id.* at 711. By relegating the court approval requirement "to the status of a mere formality, all notice requirements would be eviscerated and both the power of the court to grant approval and the conditional right of the creditors to object would be rendered meaningless." *Id.*

Further, adoption of appellants' viewpoint would impose an impossible task on a

court which already bears a crushing docket load:

> Over a thousand cases are being filed in this [bankruptcy] court each month, and if the court had to stop and try and figure out in all those cases whether or not somebody had taken some affirmative action that indicated that they might want to assume a lease the court would get nothing else done....
>
> [T]here is a ... very simple alternative, and that is all the debtor has to do, if it wants to assume the lease, is file a simple two sentence motion, one sentence motion to that effect within the 60 day period.
>
> Record on Appeal, Vol. II at 4–5.

I have recently aired my views on the caseload problems faced by this court. *Zukowski v. Howard, Needles, Tammen, and Bergendoff, Inc.*, 115 F.R.D. 53, 58–59 (D.Colo.1987). I am, therefore, sensitive to the existence of the same problem in the bankruptcy court for this federal district.

*State Court Concerns*

I have recently voiced concern over the misuse of the bankruptcy laws to avoid the normal operation of the Colorado state court system. *In re Bean*, 72 B.R. 503, 505, 505, 506 (D.Colo.1987). Those same concerns are extant in this case. Instead of abiding the appeal process in the state court of appeals, appellants have invoked the bankruptcy law in an apparent effort to delay implementation of the adverse judgment of the state district court. I do not ascribe any improper motivation to appellants, because the bankruptcy code is designed to alleviate those whose financial distress, whatever the source, merits treatment under the code's provisions. Moreover, on this record, I necessarily cannot assess the nuances of the state court proceeding.

■ Nevertheless, I note appellants' objection to one of my earlier orders in this case has been dismissed by the Tenth Circuit Court of Appeals for lack of prosecu-tion.[3] Appellants' failure or inability to prosecute the appeal may or may not be attributable to dilatory motives. I merely suggest the federal courts should be chary of bankruptcy petitions which parallel concurrent proceedings in state court. Such petitions may run afoul of the principles espoused in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The underlying facts of this case therefore bespeak caution. These equities provide additional impetus to my holding today.

For all of these reasons, I hold a debtor under chapter 11 may not assume a lease under 11 U.S.C. § 365 solely by means of conduct. The debtor must file a bankruptcy court motion requesting assumption. Assumption will be deemed an accomplished fact only upon order of the bankruptcy court resolving the motion.

Accordingly, IT IS ORDERED that the judgment of the bankruptcy court is affirmed and this case is dismissed. Each party shall bear its own costs and fees. The clerk is directed to enter judgment in compliance with the terms of this order.

---

**3.** On November 3, 1986, I denied appellants' motion for a stay of the bankruptcy court's order of October 31, 1986. Appellants appealed this denial to the Tenth Circuit. The circuit court dismissed for lack of prosecution on April 7, 1987.