### In re HO'S LTD., Debtor.

**JYOTI, INC., Dahya Khushal Patel and Kashumbem Dahyabbai Patel, Movants,**

v.

**HO'S LTD., Respondent.**

**Bankruptcy No. 5–87–00542.**

United States Bankruptcy Court, M.D. Pennsylvania.

Feb. 9, 1988.

Russell O'Malley, Jr., Stroudburg, Pa., for movant, Jyoti.

Stephen G. Bresset, Honesdale, Pa., for respondent/debtor Ho's Ltd.

### MEMORANDUM AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

In this Chapter 11 proceeding we have for consideration a Motion by Jyoti, Inc., et al. (Movants) against Ho's Ltd. (Debtor) to compel surrender of non-residential real property and to compel compliance with a settlement agreement as to rental payments and for an Order requesting payment of postpetition rent. A brief summary of the relationship between the parties is not only in order, but helpful to the resolution of this Motion. There is no essential dispute about the following facts.

The subject proceeding was filed on August 28, 1987. On October 8, 1987, Jyoti and the Patels filed a Motion for, *inter alia,* an Order Compelling Assumption or Rejection of Lease and an Order Granting Relief from the Automatic Stay. Debtor filed an Answer to this Motion on or about October 16, 1987. A hearing was scheduled for October 27, 1987, at which the parties appeared and apparently settled the matter through their respective counsel. The settlement called for the following: An immediate payment of $6,000.00 representing post-petition rent for the months of September and October, 1987; the filing by the debtor of an Motion to Assume or Reject the Lease within ten (10) days, or by November 6, 1987, and an accompanying payment of $3,000.00 representing post-petition rent for the month of November, 1987; post-petition rental payments of $3,000.00 per month to thereafter be made beginning December 31, 1987; and termination of the automatic stay if any of the

---

rental payments were not made in accordance with the settlement agreement. A subsequent agreement between the respective counsel extended the deadline to file a Motion to Assume or Reject the Lease to November 9, 1987.

Immediately after this apparent settlement on October 17, 1987, the debtor tendered a cashier's check in the amount of $6,000.00 to movants' counsel, but the check was made payable to Joseph Heston, Esq., the trustee in Mr. Ho's Chapter 13 case. This matter was eventually resolved by proper payment.

A Motion to Assume or Reject the Lease has never been filed by the debtor and this Court has never granted an extension of time within which to do so.

### DISCUSSION

From the foregoing, movants argue there are three questions for decision:

A. Whether the lease has been rejected by operation of 11 U.S.C. § 365(d)(4) due to the debtor's failure to assume or reject it within sixty (60) days after the petition was filed or obtain a proper extension of time for assumption or rejection.

B. Whether the settlement agreement between the parties as to rental payments may be enforced by the Court, and if so, may enforcement include entry of judgment against the debtor.

C. Whether the debtor may be compelled to pay postpetition rent under 11 U.S.C. § 365(d)(3).

In support of their position regarding the first question, movants contend that the lease in question has been rejected by operation of law and that the premises involved must be immediately surrendered to movants. They cite in relevant part the Code provision applying to this issue at 11 U.S.C. § 365(d)(4):

Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the Trustee does not assume or reject an unexpired lease of non-residential real property under which the debtor is the lessee within sixty (60) days after the date of the Order for Relief, or

within such additional time as the Court, for cause, within such sixty-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such non-residential real property to the lessor.

Movants point out that this Court considered this section in the case of *In re Taynton Freight System, Inc.*, 55 B.R. 668 (Bankr.Pa.1985). There, the debtor filed its petition under Chapter 11 of the Code on March 29, 1985, and sixty-one (61) days later, on May 30, 1985, filed a Motion for an order approving assumption of a non-residential lease. Movants correctly point out that we held under those circumstances that an extension of time to assume or reject the lease must be obtained from the Court within the sixty (60) day time period for assumption or rejection. Since no motion was filed within the sixty (60) day time period and no extension of time to do so was granted, the lease had been terminated irrevocably and the Court was without authority to authorize assumption by the debtor. In so doing the Court cited *In re Southwest Aircraft Services, Inc.*, 53 B.R. 805 at 808, 13 B.C.D. 814 (C.Cal.Bankr.1985):

"... if the trustee or the debtor in possession wants more time in which to decide whether to accept or reject, the extension must be obtained within the original 60 day period. If the trustee or debtor in possession does not follow one of these two courses of action, then the lease is deemed rejected." (Emphasis original).

Debtor's response to the foregoing, while acknowledging the essential facts, is that under a heading entitled "New Matter" in response to a Motion of Movants herein filed October 15, 1987, for an Order, *inter alia*, directing assumption or rejection of a lease, debtor requests of the Court an additional sixty (60) days to assume or reject the lease in question.

Debtor offers no authority in support of its position, but argues that this constitutes compliance with § 365(d)(4). While there is a recognized split of authority among the courts as to whether a court order extend-

ing the time to assume a lease must be entered within the sixty (60) day period as set forth in this Section, debtor has referred us to no authority which justifies a finding of compliance where this request is made outside of this sixty (60) day period and in the manner indicated.

The case of *In re Wedtech Corporation,* 72 B.R. 464 (Bankr.S.D.N.Y.1987) illustrates the seriousness of the need for debtor to show that cause for an extension truly exists and without a finding of such cause the courts are powerless to grant relief in the form of an extension of time in which to file an appropriate motion. Both parties to this controversy agree that there was an understanding reached whereby debtors would be able to file a motion to assume the lease in question outside the sixty (60) day period. There is no question, however, that such a motion was never, in fact, filed until December 3, 1987.

In the case of *In re Swiss Hot Dog Co.,* 72 B.R. 569 (D.Colo.1987), we find the following:

"As explained in *In re Bon Ton Restaurant and Bakery Shop, Inc.,* 52 B.R. 850 (Bankr.N.D.Ill.1985), Congress added § 365(d)(4) to the bankruptcy code by way of the 1984 amendments. *Id.* at 852. Before those amendments were effected, the trustee in a chapter 11 case would assume an unexpired lease of nonresidential real property at any time before confirmation of a plan if not assumed within sixty days after the order for relief. Such leases are now deemed rejected under section 365(d)(4) if not assumed within sixty days after the order for relief unless the court, for cause, grants additional time during that sixty day period.

In the instant case, appellants failed to file a motion to assume the lease within sixty days of the order for relief. Indeed, appellants frankly admitted they had never filed such a motion. Record on Appeal, Volume II at 10. Based on a straightforward reading of § 365(d)(4), the bankruptcy court therefore held debtors had rejected the lease. Appellee was consequently entitled to relief from the automatic stay.

The bankruptcy court's position is supported by at least four compelling sources of analysis: governing bankruptcy statutes and rules, pertinent case law, general considerations of bankruptcy policy and bankruptcy case management, and principles of federalism as applied to the specific facts of this case."

This case also points out that § 365(d)(4) is to be read in conjunction with § 365(a) and § 365(b)(1) with regard to the act of assumption. Before § 365(d)(4) was added to the Bankruptcy Code by way of the 1984 Amendments, the Trustee in a Chapter 11 case could assume an unexpired lease of nonresidential real property at any time before confirmation of a plan if not assumed within sixty days after the order for relief. (Under § 1107(a) a debtor-in-possession is required to perform all the functions and duties of a Trustee).

Section 365(a) directs that the Trustee, *subject to the Court's approval,* may assume or reject any executory contract or unexpired lease of the debtor. It also requires that the assumption have court approval in the form of an express order. See *Bon Ton, supra.* Section 365(b)(1) further qualifies the right to assume. In deciding if approval of assumption is warranted the Bankruptcy Court will also consider whether the conditions imposed under § 365(b)(1) have been met. *In re Grayhall Resources, Inc.,* 63 B.R. 382 (Bankr.D.Colo. 1986).

*In re Swiss, supra,* also points out at page 572 that Bankruptcy Rule 6006 states that a proceeding to assume or reject an executory contract or unexpired lease is governed by Bankruptcy Rule 9014, which in turn requires that relief should be requested by motion and reasonable notice and opportunity for a hearing.

In view of the foregoing, this Court is satisfied that the clear reading of the statute and the more persuasive law compels a finding that the lease was by operation of law deemed to be rejected when the debtor failed to file a Motion to Assume the lease within sixty (60) days of the filing of the petition as required by § 365(d)(4). See *In re Treat Fitness Center, Inc.,* 60 B.R. 878

(Bankr. 9th Cir. BAP 1986); *In re By–Rite Distributing, Inc.*, 55 B.R. 740 (N.D.Utah 1985). It, therefore, appears appropriate to grant the relief from stay as requested by Jyoti, Inc., et al., and deny to the Motion to Assume Lease filed by the Debtor.