**In re Howard R. TULP and Lyola Tulp, Debtors.**

**Bankruptcy No. X80–03050.**

United States Bankruptcy Court, N.D. Iowa.

Aug. 8, 1989.

in effect at the time of the 1988 mortgage.

H. Raymond Terpstra, Cedar Rapids, Iowa, for debtors.

John L. Duffy, Mason City, Iowa, for First State Bank, Belmond.

Larry S. Eide, Mason City, Iowa, special trustee.

## MEMORANDUM OF DECISION AND ORDER RE: TRUSTEE'S MOTION TO ASSUME UNEXPIRED LEASE

WILLIAM L. EDMONDS, Bankruptcy Judge.

Special trustee Larry S. Eide (EIDE) moves the court for its approval of his assumption of an unexpired nonresidential real estate lease existing at the time of the filing of this bankruptcy case. The debtors object. Hearing on the motion was held on July 11, 1989 in Mason City, Iowa. The court now issues it memorandum of decision which includes findings of fact and conclusions of law pursuant to Bankr.R. 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## FINDINGS OF FACT

Debtors filed their joint voluntary petition under chapter 7 of the Code on March 18, 1980. On the same date, they filed their "Statement of Financial Affairs for Debtor Engaged in Business" and their bankruptcy schedules.

The statement of affairs, in response to question 17, identified the following business lease:

> "GRACE PALS. BELMOND, IOWA 50421 Share crop of 160 acres (50–50%) no security held"

Debtors' B-1 schedule listed a lot in Belmond, Iowa which was being purchased on contract by the debtors.

David M. Nelsen was appointed as trustee. A small amount of assets was liquidated by the trustee and claims were filed. The trustee filed his final report and accounting on January 8, 1986 and notice of this report was given to all creditors and parties-in-interest.

A major creditor, First State Bank, Belmond, Iowa, (BANK) objected to the final report stating that Lyola Tulp had an interest in real property which had not been scheduled. Bank objected to the final report and accounting on the grounds that the unscheduled real estate interest had not been administered by the trustee, nor had it been abandoned.

A hearing on the final report was held August 28, 1986. The court, The Honorable Michael J. Melloy presiding, issued an order stating that "a *special trustee* will be appointed to pursue the issue of the ownership interest of Lyola Tulp in certain real property." Larry S. Eide, Mason City, was appointed as special trustee on September 15, 1986.

Apparently as a result of his investigation and negotiations with the debtors, Eide filed a "Motion and Notice of Compromise or Settlement of Controversy" on March 16, 1988. In it, he proposed a sale to the debtors of unscheduled real estate interests of Lyola Tulp for the sum of $5,000.00.

The motion and notice included the following unscheduled leasehold interest which would be sold under the compromise:

"Debtors owned a lease hold interest as to a one-half acre plat upon which the Debtors constructed a 50′ × 60′ steel building."

The trustee wanted to accept the Tulps' $5,000.00 offer, so he asked for court approval, and proposed notice to creditors.

Upon receiving notice of the proposed sale, Bank objected to the compromise. Hearing on the motion and objection was to be held June 16, 1988. At that time, however, the court was advised that the debtors had withdrawn their offer to purchase.

On September 2, 1988, Eide filed an adversary proceeding (Adv. No. X88–0216M) against the Tulps, Grace Pals (the mother of Mrs. Tulp) and others, seeking to sell free and clear of liens certain real estate interests of Mrs. Tulp. Paragraph 7 of the adversary complaint described the real estate intended for sale. Paragraph 7(c) particularly described the leasehold interest:

A leasehold interest as to an approximate one-half acre plat upon which the Debtors constructed a 50 foot X 60 foot steel building:

(i) The landlord's interest in this lease is owned in the same manner described in sub-paragraph (a) above as the underlying real estate;

(ii) The tenant's interest in this lease is owned by the Debtors.

The trustee apparently intended to sell not only the leasehold interest of the debtors-tenants but also of the landlord.

Service was obtained upon Grace Pals by first-class United States mail on September 8, 1988. Attorney Gary L. Berkland appeared on behalf of Ms. Pals and other defendants, but not for the debtors.

A scheduling conference was held on this adversary proceeding on November 8, 1988. Appearing were Larry Eide for the plaintiff, Ray Terpstra for the Tulps, and Gary Berkland for the remaining defendants including Grace Pals. The court was advised by counsel that the matter had been settled and a motion to compromise would be filed.

The debtors filed an amendment to their schedules which listed the previously unscheduled real estate interests of the debtors or either of them. This amendment was executed by the debtors on October 29, 1988 but was not filed until December 8, 1988. The amendment contained the following:

Schedule B–3(b) is hereby amended by adding to said Schedule the following information, to wit:

Interest(s) in and to a certain Lease Agreement dated June 1, 1972 and filed of record on September 10, 1980 and recorded in Book 114 at Page 419 whether said interest be a landlord's interest or a tenant's interest said interest(s) having an unknown value.

Also on December 8, 1988, Eide filed a "Motion to Approve Settlement and Sale" in the adversary proceeding previously described. The settlement and sale for which the trustee sought approval was the sale to Tulps for $11,550.00 of the estate's interest in the assets described in paragraph 7 of the adversary, which included the leasehold.

As a result of the special trustee's motion, notice was given to all creditors and parties-in-interest of a hearing on the authority to sell, on a bar date for objections to the motion, and of a public sale of the real estate interests. The notice issued by the clerk provided that if no objections to the sale were filed, a "Public sale of the estate's right, title and interest in the real estate and leasehold described would be held on January 9, 1989, 12:45 P.M. in the Second Floor Courtroom, United States Post Office, Mason City, Iowa." The special trustee was also ordered to advertise the public sale in a newspaper in Wright County, Iowa.

The documents served upon all creditors and parties-in-interest included the notice previously described, a copy of adversary complaint X88–0216M, and a copy of the Motion to Approve Settlement and Sale. Proof of service was filed by the special trustee showing service of the notice and accompanying documents on the Tulps, their attorney, and upon Gary L. Berkland as attorney for Grace Pals. The sale of the real estate interest was advertised in the Belmond Independent, a weekly newspaper published in Wright County.

There being no timely objections to the proposed public sale, the court issued an order on January 9, 1989 granting the special trustee's motion and stating that the "Special Trustee is authorized to sell the estate's right, title and interest in the real estate and leasehold described in the Motion." The special trustee was ordered to hold a public sale of the estate's interests.

The sale was held on January 9, 1989 as noticed, at which time the Tulps bid $11,550.00 for the real estate interests. Bank, however, was the successful bidder, having bid $18,500.00. A report of sale was filed with the court on January 27, 1989 and was approved on February 1, 1989.

Nothing seemed amiss until the special trustee was notified by debtors in February, 1989, that they intended to maintain possession of the premises. It was debtors' position that because the special trustee had failed to assume the unexpired non-residential lease under the requirements of 11 U.S.C. § 365(d)(4), that the lease was deemed rejected as a matter of law and that the trustee had nothing to sell to Bank.

Being so advised of the debtors' stance, the special trustee filed his motion to assume the lease. Debtors resisted, formally arguing that because of the deemed rejection of the unexpired lease, the estate had no interest in the leasehold which it could assign. Debtors further argued that neither the motion to approve the settlement or sale nor the order approving the sale referred specifically to a leasehold interest of the lessee.

### DISCUSSION AND CONCLUSION

Section 365(d)(4) of the Bankruptcy Code provides that

[I]f the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

A voluntary case is commenced by the filing of a petition and the commencement of a voluntary case "constitutes an order for relief." 11 U.S.C. § 301.

Schedules of assets, including real property interests, are required to be filed with the petition in a voluntary case. Bankr.R. 1007(c). Upon appointment, the trustee would have immediate access to information from the debtor as to his real property interests including unexpired leases. In this case, the debtors failed to list certain real property interests including the unexpired lease which is the subject of the present dispute.

While there is evidence of discussion about an investigation of the real property interests, a formal amendment to the property schedules was not filed until December 8, 1988. Because the debtors did not amend their asset schedule showing the leasehold interest until December 8, 1988, the special trustee should be given 60 days from that date to assume the lease pursuant to 11 U.S.C. § 365(d)(4). The special trustee, therefore, had to and including February 6, 1989 to assume the debtors' interests in the lease with Mrs. Pals.

■ At the time of the amendment, the lease with Mrs. Pals was unexpired. An unexpired lease may not be assigned by a trustee unless the trustee assumes the lease under § 365. 11 U.S.C. § 365(f)(2). The procedure for assumption of an unexpired lease by a trustee is covered by Bankr.R. 6006.

■ The court will follow the majority rule that a formal motion to assume is required for the assumption of an unexpired lease. 11 U.S.C. § 365(a); Bankr.R. 6006(a); *Treat Fitness Center, Inc. v. Rainbow Investment Co. (In re Treat Fitness Center, Inc.)*, 60 B.R. 878, 879 (Bankr. 9th Cir.1986); *In re D'Lites of America, Inc.*, 86 B.R. 299, 302 (Bankr.N.D.Ga.1988). *Contra In re Re–Trac Corp.*, 59 B.R. 251 (Bankr.D.Minn.1986); *In re Ro–An Food Enterprises, Ltd.*, 41 B.R. 416, 418 (E.D.N.Y.1984).

The other party to the unexpired lease is entitled to notice of the hearing on assumption pursuant to Bankr.R. 6006(c). In the

218

case *sub judice,* there was no "motion to assume" filed. However, the special trustee did file an adversary complaint against the debtors and the landlord seeking the sale of the leasehold interest and gave notice to all creditors and parties-in-interest of his proposed sale.

The court concludes that such adversary proceeding (X88–0216M) and the special trustee's notice seeking sale were the equivalent of a formal motion to assume under Bankr.R. 6006(a), and that implicit in the court's order permitting the sale (executed January 9, 1989) and its order approving the sale after the fact (executed February 1, 1989) was the court's approval of the assumption. These formal efforts regarding sale and the approval took place before the expiration of the 60–day deadline. The court, therefore, need not decide whether a formal motion filed within the 60–day period may be approved by the court after the period has expired.

The lessor had ample notice of the special trustee's court filings and never opposed the assignment of the leasehold interest on the grounds that the lease had not been formally assumed or that she had not been given adequate assurance of future performance by the assignee. 11 U.S.C. § 365(f)(1) and (2).

Because the court concludes that the special trustee's adversary complaint and motion for a sale met the requirements of Bankr.R. 6006(a) and was timely, the court need not now approve the motion to assume filed June 5, 1989. The court concludes that the special trustee, having already met the requirements of 11 U.S.C. § 365(a) and Bankr.R. 6006, and the court having already implicitly approved the assumption, the motion for the court should be denied.

### ORDER

The special trustee's motion to assume lease filed June 5, 1989 is denied.

SO ORDERED.