**In re OK KWI LYNN CANDLES, INC. dba Wicks 'N' Sticks, Debtor.**

**Bankruptcy No. 86–02736.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 10, 1987.

---

Michael D. Reed, Sr., Toledo, Ohio, for debtor.

Michael Bragg, Toledo, Ohio, for WNS, Inc.

## OPINION AND ORDER DENYING MOTION FOR AUTHORITY TO ASSUME UNEXPIRED LEASE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon Debtor's motion for authority to assume unexpired lease and objection thereto by WNS, Inc. Upon consideration of the testimony and evidence adduced at the hearing, the court finds that Debtor's motion is not well taken and should be denied.

### FACTS

Debtor filed its voluntary chapter 11 petition on December 19, 1986. On February 19, 1987, Debtor filed the instant motion for authority to assume unexpired lease. On February 25, 1987, WNS, Inc. (WNS), a creditor and sublessor of Debtor, filed a motion pursuant to 11 U.S.C. § 365(d)(4) for an order that Debtor vacate the leased premises for the reasons that Debtor's motion was untimely and that Debtor was in default of the lease.

WNS is a lessee of the premises occupied by Debtor, under a prime lease. Objector's Exhibit 4. The prime lease is between WNS and New Towne Mall Company. *Id.* WNS then subleased these premises to Debtor. *Id.* This sublease incorporates a franchise agreement dated October 20, 1985, between Debtor and WNS. *Id.* at 2. WNS objects to Debtor's motion for authority to assume this unexpired lease for the reasons that Debtor failed to timely file its motion for authority to assume unexpired lease and failed to cure defaults under that lease.

### DISCUSSION

The first issue concerns the timeliness of Debtor's motion for authority to assume the unexpired lease. 11 U.S.C. § 365(d)(4) is the controlling statute on this issue and provides in relevant part:

... in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60 day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

In the instant case, Debtor's order for relief was entered on December 19, 1986. *See* 11 U.S.C. § 301. Debtor's motion for authority to assume unexpired lease, of which Debtor was sublessee, was filed February 19, 1987, 62 days after the order for relief. This lease, as previously discussed, involves premises at a shopping mall, that is, nonresidential real property. Because Debtor failed to file its motion within the statutory 60 day period, its motion is not well taken and should be denied.

Debtor, however, contends that as a result of communications between Debtor and WNS, sublessor, Debtor manifested its intent to assume the lease. Debtor argues that its word and deed were, in effect, notice of Debtor's assumption of the lease. Motion for Hearing and Reply Brief of Debtor-in-Possession at 2. Debtor also asserts that this court, as a court of equity, may grant Debtor's motion for authority to assume the lease as the facts evidence Debtor's intent to assume the lease and its attempt to communicate this intent.

In *In Re Treat Fitness Center, Inc.*, 60 B.R. 878 (9th Cir. B.A.P.1986), the question presented for resolution was:

... whether the debtor can manifest intent to assume a lease by conduct within the 60 day period of § 365(d)(4) which can be formalized by a court order after expiration of the 60 day period.

*Id.* at 878. The court held "that a lease may not be assumed by conduct." *Id.* Debtor argued in that case that it had discussions concerning assignment, sublease or purchase of the lease, thus equivalent to an assumption by debtor. *Id.* at 879. The court stated:

We read 11 U.S.C. § 365 together with Bankruptcy Rule 6006 to require that the debtor or trustee file a formal motion to assume, thus overruling cases under the former bankruptcy act that required courts to judge whether words or deeds,

often ambiguous at best, constituted an assumption or rejection of a lease or executory contract.

&ast; &ast; &ast; &ast; &ast; &ast;

To not follow these rather explicit rules would be to lead us back into the morass of attempting to judge the meaning and import of the conduct and conversations of the parties.

*Id.* at 879.

Debtor, in *Matter of Communications Company of America,* 65 B.R. 580 (Bkrtcy.M.D.Fla.1987), urged the court, as a court of equity, to "ignore the strict time limits imposed by § 365(d)(4) when it is necessary to reorganize the estate and the landlord is not harmed." *Id.* at 581. The court, however, stated that it was:

... the clear reading of the statute and the more persuasive law compels a finding that the lease was by operation of law deemed to be rejected when the debtor failed to file a motion to assume the lease within 60 days of the filing of the petition as required by § 365(d)(4).

*Id.* at 581.

While Debtor asserts that its conduct and communications with WNS, sublessor, manifested an intent to assume the lease and that this court as a court of equity may ignore the 60 day time limit imposed by § 365(d)(4), the court finds that it must follow the statutory language of § 365(d)(4) and the case law thereunder, finding Debtor's motion for authority to assume unexpired lease not well taken.

Debtor cites several cases decided under the bankruptcy act for the proposition that a trustee could assume an executory contract through "ways other than a formal notice." Motion for Hearing and Reply Brief of Debtor-in-Possession at 6. However, these cases are inapposite. Whether Debtor's conduct constitutes notice need not be determined by the court as § 365 by its specific language removes this determination from the court. *See also Treat Fitness Center, Inc., supra.* Thus, Debtor's assertion that it may assume the lease through ways other than formal notice is not well taken.

Debtor also argues that WNS is estopped or held to have waived its right to object to Debtor's motion because New Towne Mall Company, lessor under the prime lease, continued to accept rental payments. Motion for Hearing and Reply Brief of Debtor-in-Possession at 7.

This same argument was advanced by Debtor in *In Re Chandel Enterprises, Inc.,* 64 B.R. 607, 15 B.C.D. 147 (Bkrtcy.C. D.Cal.1986). The court held that a debtor may assume an unexpired lease of nonresidential real property only by a timely formal motion. The court also stated that:

[§ 365(d) ](3) clearly states that acceptance of post-petition rent during the 60 day period does not constitute a waiver of the landlord's rights under the code.

*Id.* at 610, 15 B.C.D. at 149. Furthermore, the *Chandel* court, following *Treat Fitness Center,* indicated that waiver and estoppel were inapplicable as § 365(d)(4) required affirmative action on behalf of debtor, eliminating the uncertainty associated with determination of waiver or estoppel. 64 B.R. at 610, 15 B.C.D. at 149. Debtor's advancement of a waiver or estoppel theory is not, then, well taken.

In addition to the untimeliness of Debtor's motion, a further issue exists regarding Debtor's attempt to assume the lease. WNS, sublessor, contends that Debtor is in default of the lease for failure to perform obligations thereunder, including failure to make royalty payments and failure of the president of Debtor to devote his full time and effort to the business.

11 U.S.C. § 365(b)(1) states:

If there has been a default in an ... unexpired lease of the debtor, the trustee may not assume such ... lease unless, at the time of assumption of such ... lease, the trustee—

(A) cures or provides adequate assurance that the trustee will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such ... lease, for any actual pecu-

niary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such ... lease.

The default may be one which occurred before or after the filing of Debtor's petition. 2 *Collier on Bankruptcy* ¶ 365.04, at 365–37 (15th ed. 1987). 11 U.S.C. § 365(b)(1), then, provides for a three part test before assumption of an unexpired lease under which a default exists may occur. Debtor must:

(a) cure or provide adequate assurance that he will cure the default,

(b) compensate or provide adequate assurance that he will compensate the other party for any pecuniary loss to such party resulting from such default, and

(c) provide adequate assurance of future performance under the ... lease.

2 *Collier on Bankruptcy* ¶ 365.04, at 365–37 (15th ed. 1987) (citations omitted).

The lease which Debtor seeks to assume incorporates the franchise agreement dated October 20, 1985, between Debtor and WNS. Objector's Exhibit 4 at 2. WNS argues that because Debtor is in default of its obligations under this franchise agreement, it is also in default of the lease which Debtor is attempting to assume. WNS contends, therefore, that Debtor must cure the defaults and provide adequate assurance of its future performance pursuant to 11 U.S.C. § 365(b)(1) before it may assume the lease.

The franchise agreement which is incorporated in the lease provides that it shall be construed and interpreted in accordance with the laws of Texas. Objector's Exhibit 3 at 26. The court in construing this lease, then, must determine the parties' intent as expressed through the writing. That is, an unambiguous agreement will be enforced as written. *See Sun Oil Co. (Delaware) v. Madeley*, 626 S.W.2d 726 (Texas 1982). The lease which Debtor is attempting to assume does incorporate the franchise agreement and, thus, Debtor must abide by the terms of that agreement.

■ The franchise agreement provides that Debtor shall pay a monthly royalty fee. Objector's Exhibit 4 at 4. Testimony at the hearing disclosed that Debtor failed to pay royalty fees for the months of December, 1985, February, March, April and June, 1986. Debtor, then, pursuant to § 365(b)(1)(A), must cure or provide adequate assurance that it will cure, this default. The cure contemplated by this section is a "forthwith payment of any arrearage." *In Re R/P Intern. Technologies, Inc.*, 57 B.R. 869 (Bkrtcy.S.D.Ohio 1985). *But see* 2 *Collier on Bankruptcy* ¶ 365.04, at 365–38 (15th ed. 1987)(it is possible for the cure to be something other than immediate cash payment). Debtor did not propose a cure of this default at the hearing. Neither did Debtor propose a form of adequate assurance that it would cure this default.

■ The second condition to be met by Debtor before it may assume the lease is to compensate, or provide adequate assurance that it will compensate, WNS for its pecuniary loss as a result of the default. WNS, however, did not set forth nor testify as to any pecuniary loss it experienced as a result of this default. The court cannot, then, make a determination on this issue.

■ The third element necessary for Debtor to satisfy is to provide adequate assurance of its future performance under the lease. Section 365(b)(3) defines "adequate assurance of future performance of a lease of real property in a shopping center" to include adequate assurance—

(A) of the source of rent and other consideration due under such lease ...;

(B) that any percentage rent due under such lease will not decline substantially;

(C) the assumption or assignment of such lease is subject to all the provisions thereof ...; and

(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

Debtor did not proffer testimony of its source of rent except referring to the continued operation of its business as a source of monies. Evidence presented by WNS, however, indicated that Debtor was one of its least profitable franchisees. Furthermore, WNS, as lessee under the prime

lease, is obligated to make the rental payments to the lessor, New Towne Mall Association. Therefore, if Debtor fails to make the rental payments, WNS is ultimately liable.

An employee of WNS testified that Debtor had experienced increased sales. However, WNS indicated that even if Debtor's sales were increasing, it was still one of the least profitable franchisees and that WNS would be obligated to make rental payments if Debtor were unable to meet the obligation. Debtor, then, by its failure to provide adequate assurance of its future performance under the lease, has failed to satisfy the test delineated by § 365(b)(1)(C).

WNS also alleges a default of the lease as a result of Debtor's president's failure to devote his full time and effort to the business. The president agreed to devote full time, energy and best efforts to the management of Debtor's business. Objector's Exhibit 3. The president testified that he was employed as a car salesman in December, 1985, during operation of Debtor's business. It is obvious that another default of the lease exists.

Because Debtor's motion for authority to assume unexpired lease was untimely and because Debtor has failed to cure defaults thereunder, it is therefore

ORDERED that Debtor's motion for authority to assume unexpired lease be, and it hereby is, denied.