In the Matter of DUBLIN PUB, INC., Debtor.

MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Movant,

v.

DUBLIN PUB, INC., Respondent.

Bankruptcy No. A87–06931–JB.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 15, 1988.

Grant T. Stein, Alston & Bird, Atlanta, Ga., for movant.

Michael Reiley, Atlanta, Ga., for respondent.

### MEMORANDUM OF OPINION

A. DAVID KAHN, Chief Judge.

The above-styled Chapter 11 bankruptcy case is before the Court on a Motion for Relief from the Automatic Stay filed by Mutual Life Insurance Company of New York [hereinafter referred to as "Movant"] in which it seeks relief from the stay "through the enforcement of the provisions of 11 U.S.C. § 365(d)(4)." Motion at 1. A hearing was held on December 3, 1987, after which the Court took the matter under advisement. The Court finds this matter to constitute a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). After considering argument of counsel and the briefs submitted by the Parties, the Court now makes the following findings of fact and conclusions of law.

### I.

The following facts are undisputed. The Debtor operates a restaurant and bar which occupies leased premises at 4975 Carter Blvd., Norcross, Georgia. Movant is the owner and lessor of said premises. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on September 8, 1987. The Debtor did not file any motion to assume its lease with Movant within the first sixty (60) days after the date its petition was filed. On November 10, 1987, Movant filed the instant Motion. On the same day, the Debtor filed a "Motion to Approve Assumption of Unexpired Non–Residential Lease."

The Debtor made its post-petition rental payments to Movant by check. Movant presented for payment those checks for rent tendered prior to November 9, 1987 and held those checks received subsequent thereto, not wanting to waive any of its rights pursuant to § 365(d)(4). The Court has now authorized Movant to present

those checks for payment without waiver of any of its rights under § 365.

## II.

Movant contends that the lease in question has been automatically rejected as a matter of law pursuant to § 365(d)(4). That section provides that

[n]otwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, *within* such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor. [emphasis added].

While the Debtor admits that it failed to file a motion to assume its lease within the 60–day period and that it failed to ask the Court for any extension of time before the 60–day period expired on November 9, 1987, it argues that is saved from the automatic rejection provision of § 365(d)(4) by other actions it took within that time. Those actions include a telephone call by the Debtor's President, Jim Oliver, to Hollene M. Darby, the leasing agent, in which he indicated the Debtor's intention to assume the lease, and statements by Mr. Oliver at the § 341 meeting of creditors that the lease was going to be assumed. Movant disputes the substance of the telephone conversation between Oliver and Darby and claims that it did not have a representative present at the § 341 meeting. Because of the Court's holding below, the Court finds these factual disputes to be irrelevant to the outcome of this matter.

The crucial issue raised by the Debtor is whether a lease of nonresidential real property may be assumed by conduct of a debtor rather than by a formal motion filed with the court. Section 365(d)(4) was added to the Bankruptcy Code in the Bankruptcy Amendments and Federal Judgeship Act of 1984. Prior to those Amendments, and under the old Bankruptcy Act of 1898,

some courts had held that assumption of an executory contract could be affected by conduct. *See, e.g., Vilas and Sommer, Inc. v. Mahoney (In re Steelship Corp.),* 576 F.2d 128 (8th Cir.1978); *Brown v. Presbyterian Ministers Fund,* 484 F.2d 998 (3rd Cir.1973); *Nostromo, Inc. v. Fahrenkrog,* 388 F.2d 82 (8th Cir.1968); *In re Diamond Head Emporium, Inc.,* 69 B.R. 487 (Bankr.D.Haw.1987). However, in light of the 1984 Amendments, this Court finds these cases to be of little value in resolving the issue now before it.

The Court has carefully reviewed the case law on the issue of whether a debtor can assume an unexpired lease of nonresidential real property by its conduct and has found that the overwhelming majority of cases hold that a debtor must file a formal written motion within the 60–day period. *Treat Fitness Center, Inc. v. Rainbow Inv. Co., (In re Treat Fitness Center, Inc.),* 60 B.R. 878 (9th Cir.BAP 1986) is one of the leading cases on this issue. In that case, the Ninth Circuit Bankruptcy Appellate Panel stated the following:

We read 11 U.S.C. § 365 together with Bankruptcy Rule 6006 to require that the debtor or trustee file a formal motion to assume, thus overruling cases under the former Bankruptcy Act that required courts to judge whether words or deeds, often ambiguous at best, constituted an assumption or rejection of a lease or executory contract.

. . . . .

11 U.S.C. § 365 specifically states that the trustee, subject to court approval, may assume or reject an executory contract. Bankruptcy Rule 6006 states that a proceeding to assume or reject an executory contract or unexpired lease is governed by Bankruptcy 9014 which in turn states that relief shall be requested by motion and reasonable notice and opportunity for a hearing shall be afforded to the opposing party. To not follow these rather explicit rules would be to lead us back into the morass of attempting to judge the meaning and import of the conduct and conversations of the parties.

60 B.R. at 879. Other courts have followed this holding: *Swiss Hot Dog Co. v. Vail Village Inn, Inc.,* (*In re Swiss Hot Dog Co.*), 72 B.R. 569 (D.Colo.1987); *In re O.P. Held, Inc.,* 77 B.R. 388 (Bankr.N.D.N.Y. 1987); *In re OK Kwi Lynn Candles, Inc.,* 75 B.R. 97 (Bankr.N.D.Ohio 1987); *In re BDM Corp.,* 71 B.R. 142 (Bankr.N.D.Ill. 1987).

The facts in the proceeding *sub judice,* are similar to those found in the case of *In re BDM Corp.* in which the Court held that neither statements made by the debtor's president at the § 341 meeting of creditors nor rental payments could constitute the assumption of an unexpired lease of non-residential real property. This Court is in agreement with the holding of *In re BDM Corp.* and the above line of cases. The statute and rules are clear and their language cannot be ignored.

The Debtor urges that, if it is found that the lease has been rejected under § 365(d)(4), the Court not approve such a rejection.

> Dublin Pub's [Debtor herein] lease and its liquor, beer and wine licenses predicated thereon, are essential to its economic survival, and to its ability to formulate and fund a Chapter 11 plan. If the Court were to grant MONY [Movant herein] its requested relief Dublin Pub would be unable to remain in Chapter 11.

Brief of Dublin Pub, Inc. in Opposition to Mony's Motion for Relief From Automatic Stay at 9. The Debtor urges the Court to disapprove the rejection of the lease pursuant to § 105, which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Although the Court recognizes the grave impact upon the Debtor's affairs by a finding that its lease has been automatically rejected, the Court cannot ignore the plain intent of § 365(d)(4). The lease has been rejected as a matter of law. This Court is unable to prevent that rejection at this late date. Therefore, the Court finds that the lease has been rejected by operation of statute pursuant to § 365(d)(4), and Movant's Motion must be granted.

## ORDER

In accordance with the reasoning above, it is the Order of the Court that the Motion for Relief from the Automatic Stay filed by Mutual Life Insurance Company of New York be, and the same hereby is, GRANTED;

IT IS THE FURTHER ORDER OF THE COURT that, pursuant to 11 U.S.C. § 365(d)(4), the Debtor is hereby directed to immediately surrender the leased premises to Mutual Life Insurance Company of New York or its representative.

IT IS THE FURTHER ORDER OF THE COURT that the request by Mutual Life Insurance Company of New York for an award of costs be, and the same hereby is, DENIED.

IT IS SO ORDERED.