**In the Matter of PAYLESS RENTAL, INC., Debtor.**

**HALPERN ENTERPRISES, INC., Movant,**

v.

**PAYLESS RENTAL, INC., Respondent.**

**Bankruptcy No. A91–76342–ADK.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Feb. 26, 1992.

Sylvia Morrow, Atlanta, Ga., for movant.

Mark A. Kelley, Kitchens, Kelley, Gaynes, Huprich & Shmerling, Atlanta, Ga., for respondent.

## ORDER

A. DAVID KAHN, Chief Judge.

The above-styled contested matter is before the Court on the Motion for Relief from Stay filed by Halpern Enterprises, Inc. ("Halpern"). A hearing was held before the Court on December 19, 1991, at which time the matter was taken under advisement. The Court finds this matter to be a core proceeding within the meaning of 28 U.S.C. § 157.

The following facts are undisputed. The Debtor operates a "rent-to-own" business, renting various products to customers. Debtor filed the instant Chapter 11 petition on August 29, 1991, at which time Debtor leased two locations from Halpern, Covington Highway and Martin Luther King, Jr.

Drive. Debtor filed a motion to reject the lease on the Martin Luther King, Jr. Drive location, and the Court approved rejection of this lease on October 9, 1991. In a letter dated September 26, 1991, from Halpern's counsel to counsel for Debtor, Halpern stated that the address of the premises which is the subject of the lease being rejected by Debtor (the Martin Luther King location) should be included in the Court's rejection order because there is another lease between the Debtor and Halpern located on Covington Highway which the Debtor is not rejecting.

It is further undisputed that soon after the petition was filed, Halpern and Debtor negotiated a cash collateral agreement which included provisions relating to the curing of all defaults relative to the Covington Highway location. These cash collateral negotiations were memorialized in writing in the Notice and Consent Order Regarding Cash Collateral (the "Consent Order"), signed by the Court on October 29, 1991, and entered on October 31, 1991. The Consent Order states, *inter alia,* that Debtor is authorized to use cash collateral to cure *all* defaults on the Covington Highway lease, including the payment of all back rent owed to Halpern. The Consent Order further states that Debtor is authorized to use cash collateral to pay monthly lease payments in the amount of $11,772.00, which reflects the monthly payment on the Covington Highway lease. The Consent Order requires Debtor to furnish Halpern with monthly operating reports, and Debtor's authority to use cash collateral would expire upon confirmation of a Plan or 120 days from the filing of Debtor's petition.

Halpern asserts that because Debtor failed to file a motion to assume the Covington Highway lease within sixty (60) days from the filing of the petition, the lease is deemed to be rejected as a matter of law. Debtor asserts that its actions, as well as those of Halpern, indicate that Halpern knew of and accepted Debtor's assumption of lease notwithstanding Debtor's admitted failure to file a motion to assume the lease pursuant to 11 U.S.C. § 365(d)(4).

In *Matter of Dublin Pub, Inc.,* 81 B.R. 735 (Bankr.N.D.Ga.1988), this Court adopted the majority rule that a debtor must file a formal written motion to assume a lease within sixty (60) days from the filing of the petition or the lease would stand rejected as a matter of law. *See* 11 U.S.C. § 365(d)(4). Regardless of the debtor's unilateral conduct within the sixty (60) day period, debtor's failure to file a timely motion to assume the lease meant that the lease was rejected as a matter of law. *Id.*

In the case *sub judice,* it is clear that Debtor and Halpern at least discussed Debtor's assumption of the Covington Highway lease within sixty (60) days from the filing of Debtor's petition. In a letter dated September 26, 1991, from Halpern's counsel to counsel for Debtor, Halpern states that the address of the premises which is the subject of the lease being rejected by Debtor (the Martin Luther King location) should be included in the Court's rejection order because "there is another lease between Halpern and the debtor on Covington Highway which the debtor is not rejecting." (See Exhibit "A" to Reply Brief of Payless Rental, Inc. to Motion for Relief From Stay). While this letter evidences the understanding between Debtor and Halpern that the lease had been assumed, the letter does not satisfy the requirement that a motion to assume be filed within sixty (60) days from the entry of the Order.

Although Debtor may not have filed a formal pleading entitled "motion to assume", both Debtor and Halpern signed a Consent Order regarding the use of cash collateral and presented the Consent Order to the Court for approval on or before October 29, 1991. In reviewing the terms of the Consent Order, it is clear that the proposed Consent Order necessarily included provisions which requested that the Court approve Debtor's assumption of the Covington Highway lease. The Consent Order allowed Debtor to cure all arrearages on the Covington Highway lease, an act which Debtor would not have been required to do unless Debtor was assuming the lease. *See* 11 U.S.C. § 365(b). Moreover, the Consent Order stated that Debtor was authorized to use cash collateral to pay monthly lease payments, and the lease pay-

ment reflected on Exhibit "1" of the Consent Order is the exact amount of the monthly payment on the Covington Highway location under its lease with Halpern. (See Objection of Halpern Enterprises, Inc. to the Emergency Cash Collateral Motion). Inasmuch as Halpern agreed that Debtor would cure all defaults on the lease and that Debtor would continue to make monthly payments on the lease, the proposed Consent Order amounted to an agreement between Debtor and Halpern that the Covington Highway lease was assumed by Debtor subject only to Court approval.

Based on the foregoing, the Court holds that a motion to assume the Covington Highway lease was an integral part of the Consent Order signed by the parties and presented to the Court by Debtor. Additionally, because the Consent Order was presented to and signed by the Court within the sixty (60) day period, the Consent Order satisfies the requirements of 11 U.S.C. § 365(d)(4). *See In re Specialty Foods of Pittsburgh, Inc.*, 91 B.R. 364 (Bankr.W.D.Pa.1988). Halpern also may be estopped from asserting the automatic rejection provisions of 11 U.S.C. § 365(d)(4) in light of the holding in *Matter of J. Woodson Hays, Inc.*, 69 B.R. 303 (Bankr. M.D.Fla.1987). Therefore

IT IS THE ORDER OF THE COURT that Halpern's Motion for Relief from Stay requesting that Halpern be allowed to institute eviction proceedings against Debtor in relation to the Covington Highway location be, and the same hereby is, DENIED.

IT IS THE FURTHER ORDER OF THE COURT that Debtor's assumption of the Covington Highway lease is hereby APPROVED subject to Halpern's filing of a request for hearing on Debtor's compliance with the requirements of 11 U.S.C. § 365(b)(1). Any request for hearing on Debtor's compliance with 11 U.S.C. § 365(b)(1) shall be filed within ten (10) days from the entry of this Order or waived.

IT IS SO ORDERED.