In re **FEDERATED FOOD COURTS, INC.,** Debtor.

**MAGNOLIA BLUFF FACTORY SHOPS LIMITED PARTNERSHIP,** Movant,

v.

**FEDERATED FOOD COURTS, INC.,** Respondent.

**Bankruptcy No. A97–81239–JB.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

April 22, 1998.

G. Frank Nason, IV, Lamberth, Bonapfel, Cifelli, et al., Atlanta, GA, for Debtor.

Brad A. Baldwin, Jones, Day, Reavis & Pogue, Atlanta, GA, for Movant.

### *ORDER*

JOYCE BIHARY, Bankruptcy Judge.

The issue in this case is whether the Court can apply Fed. R. Bankr.P. 9006(b) and the doctrine of excusable neglect to permit a late filing of a motion to extend the time for filing a motion to assume a commercial lease under 11 U.S.C. § 365(d)(4). On March 27, 1998, the Court entered an Order setting out all the pertinent facts and the procedural status of the case. Those detailed facts are incorporated by reference and will not be repeated here. In the March 27, 1998 Order, the Court found that the landlord Magnolia Bluff Factory Shops Limited Partnership ("Magnolia") had not waived its right to assert the automatic rejection provision in § 365(d)(4) against the debtor-tenant, Federated Food Courts, Inc. ("Federated"). The Court gave counsel additional time to brief the issue of whether a court can enlarge a statutory deadline using a federal rule of procedure allowing a late filing for excusable neglect. The Court has carefully reviewed the parties' briefs and concludes that Bankruptcy Rule 9006(b) does not give the Court the authority to enlarge the deadline in § 365(d)(4).

■ Section 365(d)(4) of the Bankruptcy Code contains special time limitations for assuming or rejecting leases of non-residential real estate under which the debtor is a lessee. The statute provides, in pertinent part:

[I]f the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

This provision was added to the Bankruptcy Code by the Bankruptcy Amendments and Federal Judgeship Act of 1984, and was "intended to reduce the time that a lessor must wait either to reacquire property or learn that the debtor or trustee had decided to assume the benefits and burdens of the lease." 3 Lawrence P. King, COLLIER ON BANKRUPTCY ¶ 365.04[3] at 365–32 (15th ed.1997). Although § 365(d)(4) refers to the "trustee," the Bankruptcy Code provides that the debtor-in-possession "shall have all the rights ... and shall perform all the functions and duties ... of a trustee serving in a case" under Chapter 11. 11 U.S.C. § 1107(a); *see South Street Seaport Ltd. Partnership v. Burger Boys, Inc. (In re Burger Boys, Inc.),* 94 F.3d 755, 758 n. 3 (2d Cir.1996).

■ Pursuant to 11 U.S.C. § 365(d)(4), a debtor's failure to file a timely motion to assume or a motion to extend the time to assume or reject an unexpired lease of nonresidential real property results in the automatic rejection of that lease as a matter of law. *See Mutual Life Ins. Co. v. Dublin Pub, Inc. (In re Dublin Pub, Inc.),* 81 B.R. 735, 737 (Bankr.N.D.Ga.1988); *Ok Kwi Lynn Candles, Inc.,* 75 B.R. 97, 100 (Bankr. N.D.Ohio 1987). The date of the order for relief in this case was November 28, 1997. The 60–day deadline for filing a proper motion expired on January 27, 1998. Debtor did not file its motion for an extension of time to assume or reject the Lease (the "Motion to Extend") until January 28, 1998, one day after the deadline.

Debtor argues that the equitable doctrine of "excusable neglect" should operate here to excuse the late filing of debtor's Motion to Extend. Debtor relies on Fed. R. Bankr.P.

9006(b), entitled "Enlargement," which provides, in pertinent part:

> (1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, *when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion* (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) *on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.*

(emphasis added). Debtor cites the 1993 Supreme Court decision of *Pioneer Investment Svcs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) and urges the Court to find that the untimely filing was the result of excusable neglect.

■ In *Pioneer,* the Court considered whether an attorney's inadvertent failure to file a proof of claim before expiration of the bar date could constitute "excusable neglect" within the meaning of Fed. R. Bankr.P. 9006(b)(1). The court examined the meaning of that term in analogous contexts, such as Fed.R.Civ.P. 60(b), and concluded that it encompasses situations in which a failure to comply is attributable to negligence. *Id.* at 394–95, 113 S.Ct. at 1497–98. Whether the party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission. *Id.* The factors to consider include (1) the danger of prejudice to the [opposing party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.; see also Advanced Estimating System, Inc. v. Riney (In re Advanced Estimating System, Inc.),* 130 F.3d 996, 997–98 (11th Cir.1997).

■ The movant bears the burden of proving that its untimely filing was the result of excusable neglect. *In re Papp Internation-*

*al, Inc.,* 189 B.R. 939, 944 (Bankr.D.Neb. 1995). Debtor's Motion to Extend was filed 61 days after the petition date. Debtor's counsel contends, and Magnolia has not disputed, that the late filing occurred as the result of an honest mistake in calculating the number of days which had elapsed since the petition date, and that the late filing was not the result of any improper conduct or fraud. Upon learning of the mistake, debtor's counsel promptly wrote the Court a letter on February 10, 1998, with a copy to Magnolia's counsel, explaining the miscalculation. He knew he filed the bankruptcy case the day after Thanksgiving, and he believed the day after Thanksgiving was November 29, instead of November 28. Thus, his calculation was one day off.

■ The difficulty here is that Bankruptcy Rule 9006(b) is a rule governing the enlargement of time periods prescribed in other Bankruptcy Rules or court orders. Bankruptcy Rule 9006(b) refers to deadlines set by "these rules or by a notice given thereunder or by order of the court." It does not refer to enlarging time periods prescribed by statute. The 60–day deadline for filing a motion to assume a non-residential lease, however, is set by statute, not by the Bankruptcy Rules, not by a notice given under the Bankruptcy Rules, and not by an order of the Court. Thus, Bankruptcy Rule 9006(b) does not give the bankruptcy court the discretion to allow a late motion to extend time for assuming a lease, even if the mistake were the result of excusable neglect.

Bankruptcy Rule 9006(b) parallels Rule 6(b) of the Federal Rules of Civil Procedure. Courts have held that Rule 6(b) only applies to deadlines established by the Rules themselves, deadlines in notices given under the Rules, or deadlines established in court orders, and not to deadlines set by statutes. *Parker v. Marcotte,* 975 F.Supp. 1266, 1268– 69 (C.D.Cal.1997); *Village Improvement Ass'n v. Dow Chemical Co.,* 655 F.Supp. 311, 315 (E.D.Pa.1987); 4A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1165, at 473–75 (2d ed.1987 and Supp.1997); 1 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 6.06[1][a] (3d ed. 1997) ("Rule 6(b) does not apply to

statutorily-established time periods. In other words, federal courts may not use Rule 6(b) to enlarge time periods established by statutes.")

Debtor cites *In re Argonaut Financial Services, Inc.*, 164 B.R. 107, 116 & n. 8 (N.D.Cal.1994), where the court stated in a footnote that the bankruptcy court has the authority to permit an otherwise § 364(d)(4)-barred motion where a late filing was the result of excusable neglect. This footnote is not persuasive authority for using Rule 9006(b) to extend the deadline for allowing a debtor to assume a lease. The parties aggrieved by the 60–day deadline in *Argonaut* were investors claiming a property interest in a ground lease, not the debtor who filed the bankruptcy proceeding. Most of the *Argonaut* decision dealt with due process concerns, since many of these investors had not received any notice of the bankruptcy filing. Only four investors had actual notice and, as to them, the district court remanded the matter to the bankruptcy court to apply the excusable neglect standard recently articulated in *Pioneer*. The footnote relied upon by debtor appeared in the brief section of the opinion dealing with the remand, and it is not apparent that the district court considered the language of Bankruptcy Rule 9006(b) or the argument that the rule cannot be used to enlarge a statutory deadline.

The Court recognizes that this is a harsh result and that application of the *Pioneer* factors might have resulted in a finding of excusable neglect. However, the Court is not convinced that Bankruptcy Rule 9006(b) can be used to extend the deadline established by Congress in § 365(d)(4).

In accordance with the above reasoning and the March 27, 1998 Order, debtor's motion to extend the time to assume or reject the lease must be DENIED, and Magnolia's motion for relief from the automatic stay is GRANTED.