**In re KINGLORE FARMS, INC., Debtor.**

**Bankruptcy No. 82 B 01149.**

United States Bankruptcy Court, N.D. Illinois, W.D.

Aug. 14, 1986.

Mary P. Gorman, Rockford, Ill., for Paul J. Long, movant.

Daniel M. Donahue, Rockford, Ill., for Federal Land Bank.

## MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of Paul J. Long to Vacate Order. Paul J. Long is represented by Attorney Mary P. Gorman. The Federal Land Bank (FLB) is represented by Attorney Daniel Donahue.

This Memorandum Opinion and Order shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

In April of 1982, the Debtor, Kinglore Farms, Inc., purchased, on contract, 280 acres of land from Michael B. Perino. In May of 1982, the Debtor sold, on contract, 120 acres of the same land to John L. Perino. On December 23, 1982, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. The case was converted to a Chapter 7 on January 25, 1983.

In March, June and September of 1983, Orders were entered extending the time in which the Trustee, James Stevens, could accept or reject executory contracts. On July 26, 1983, an Order was entered approving the Trustee's assignment of his interest in the aforementioned land contracts to Paul J. Long. Mr. Long now moves to vacate the Order of July 26, 1983, on the grounds that the Trustee never assumed the executory contracts. The executory contracts are deemed rejected by operation of Section 365(d)(1) of the Code and, therefore, the assignment of the Trustee's

interest in the contracts is void ab initio. The FLB argues that the Trustee's assignment of his interest in the executory land contracts acted as an assumption of the contracts.

Section 365(d)(1) of the Code provides: (d)(1) In a case under Chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such contract or lease is deemed rejected.

11 U.S.C. Section 365(d)(1) (1983). Section 365(f)(2) provides:

(f)(2) The trustee may assign an executory contract or unexpired lease of the debor only if—

(A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

(B) adequate assurance of future performances by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. Section 365(f)(2) (1983).

Under the former Bankruptcy Act, a trustee could assume an executory contract by word or deed, as well as by formal written acceptance. *In re Electrospace Corp.*, 39 B.R. 632 (S.D.N.Y.1984). And, as would be expected, such a rule led to inconsistent results and, in many cases, left parties unsure of their positions. *In re Kelly Lyn Franchise Co., Inc.*, 26 B.R. 441 (Bankr.M.D.Tenn.1983); appr'd 33 B.R. 112 (D.C.M.D.Tenn.1983).

█ The better rule is that the trustee must accept an executory contract by written motion within the time limits set by Section 365(d)(1). *In re Treat Fitness Center, Inc.*, 60 B.R. 878, 14 BCD 632 (Bankr. 9th Cir.1986). See also *In re By-Rite Distributing, Inc.*, 55 B.R. 740 (D.Utah 1985); *In re Kelly Lyn Franchise Co. Inc.* (An executory contract cannot be assumed by implication under Section 365(d)(4)). *Treat Fitness* reads Section 365(d)(1) to-

gether with Rule 6006. Rule 6006 of the Federal Rules of Bankruptcy Procedure, provides that acceptance of an executory contract shall be initiated by formal motion pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure. The Court notes that Rule 6006 did not become effective until August 1, 1983, five days after the Order that is before this Court. Nevertheless, 28 U.S.C. Section 2075, requires that the Federal Rules of Bankruptcy Procedure be consistent with the Bankruptcy Code. Therefore, for Rule 6006 to be valid, it must be consistent with Section 365(d)(1). The Court finds that Rule 6006 is consistent with Section 365(d)(1), and the Trustee has always been required to accept an executory contract by motion.

█ However, even if an executory contract can be accepted through acts of the trustee, it was not done in this case. The only act that the FLB relies on is the assignment of the land contracts. An assignment of an executory contract cannot constitute an acceptance of the contract by the terms of Section 365(f)(2). Section 365(f)(2) provides that the trustee can assign an executory contract "only if the trustee assumes such contract...." Therefore, the act of assignment cannot be construed as an act of assumption. See, *In re Allied Artists Industries, Inc.*, 28 B.R. 196 (Bankr.S.D.N.Y.1983).

Since the contracts were never assumed by the Trustee, they could not have been assigned. The Order of July 26, 1983, should be vacated.

IT IS SO ORDERED.