## In re GOLDEN TRIANGLE FILM LABS, INC., Debtor.

### Bankruptcy No. 93–02480–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 23, 1994.

Larry Foyle, Tampa, FL, for debtor.

John W. McWhirter, Tampa, FL, for Walter H. Turpin.

## ORDER ON MOTION TO COMPEL PERFORMANCE OF DEBTOR

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case and the matter under consideration is a Motion to Compel Compliance filed by Walter H. Turpin, Eva Persons and Fred J. Turpin (Lessors). The motion seeks to compel, Golden Triangle Film Labs, Inc. (Debtor), to perform under a commercial retail property lease (Lease) which Lessors claim was assumed by the Debtor pursuant to the Debtor's confirmed Amended Plan of Reorganization. The facts which appear from the record, as established at the final evidentiary hearing, are basically without dispute and are as follows.

On September 1, 1990, the Debtor entered into a five year Lease with the Lessors of a commercial retail property, located at 201 Twiggs Street, Tampa, Florida. The Debtor operated its film processing business on the premises until it filed its Voluntary Petition for Relief for Chapter 11 on March 5, 1993, and thereafter as a Debtor-in-Possession pursuant to an order entered by this Court which authorized the Debtor to operate its business as a Debtor-in-Possession. The Debtor was current at all times even pre and post-petition on its obligations under the Lease.

On July 15, 1993, the Debtor filed its Disclosure Statement together with its first Plan of Reorganization. On September 1, 1993, the Debtor filed its Amended Disclosure Statement and its Amended Plan of Reorganization. On September 21, 1993, this Court entered an Order and approved the Disclosure Statement. The same order fixed October 18, 1993, as the last date to file proof of claims and to cast ballots for or against the Plan and October 25, 1993, as the last date to file applications for allowance of administrative expenses including applications for fees by professionals. The Confirmation Hearing was scheduled to be held on November 1, 1993. On the same date this Court entered an Order and confirmed the Amended Plan of Reorganization of the Debtor.

It is without dispute that the Debtor continued to occupy the premises after Confirmation and made all the required rent payments until May 15, 1994, when it vacated the premises approximately after six months following the confirmation of its Plan of Reorganization. It is without dispute that the Debtor-in-Possession did not file a Motion pursuant to F.R.B.P. 6006 to assume this non-residential lease under which the Debtor-in-Possession occupied the premises. The Plan of Reorganization which was confirmed provided in Article VII, Paragraph 7.2

> On the effective date, all executory contracts and unexpired leases of the Debtor shall be assumed by (and, to the extent necessary, assigned to) reorganized Golden Triangle Film Labs, Inc. pursuant to the provisions of [Secs.] 365 and 1123 of the Bankruptcy Code, except any executory contracts and unexpired leases that are subject of separate motions to reject file [sic] pursuant to [Sec.] 365 of the Bankruptcy Code by the Debtor before the entry of the Confirmation Order.

These are basically the underlying facts which control the controversy which at first blush clearly reveals an apparent conflict between several Sections of the Code for the following reasons.

■ The provision which specifically deals with assumption or rejection of executory contracts and unexpired residential and non-residential leases is dealt with by § 365 of the Bankruptcy Code. Subclause (a) of this Section provides that the Trustee and in the case of a Chapter 11, the Debtor-in-Possession may assume or reject any executory contract or unexpired lease but only with the approval of the Court. F.R.B.P. 6006 provides that a proceeding to assume or reject an executory contract or unexpired lease other than as part of a Plan is governed by F.R.B.P. 9014.

Section 365(d)(4) provides that if a Trustee or in a Chapter 11 case the Debtor-in-Possession does not assume an unexpired lease of a non-residential real property within 60 days after the date of the Order for relief (unless the time is extended on timely motion) the lease is deemed to be rejected and the Trustee or the Debtor-in-Possession shall immediately surrender the non-residential real property to the lessor.

■ Even a cursory reading of these Sections coupled with the Rule cited, leaves no doubt that with one possible exception a Debtor-in-Possession may not assume non-residential lease except by filing a Motion and with the approval of the Court and anything less would operate as an automatic rejection of the lease pursuant to § 365(d)(4) of the Code. *In re J. Woodson Hays, Inc.,* 69 B.R. 303 (Bankr.M.D.Fla.1987).

The Ninth Circuit Bankruptcy Appeal Panel in the case of *In re Treat Fitness Center, Inc.,* 60 B.R. 878 (9th Cir. BAP 1986) held that "to dispense with the requirement to file a motion as a condition precedent for assuming an unexpired lease would be clearly contrary to the clear intent of the 1984 Amendment of § 365 and would not carry out the stated Congressional intent and certainly would not comply with the requirements of Bankruptcy Rule 6006."

Even without resorting to consideration of the legislative history of this amendment, S.Rep.No. 65, 98th Cong., 1st Sess. 68 (1983) (Senate Report accompanying S 445—BAFJA) leaves no doubt that it was the intent of Congress to remove any doubt to protect lessors from the risk caused by the precarious financial condition of lessee debtors and provide a short time frame for a Debtor-in-Possession to elect either to assume an unex-

pired non-residential lease or vacate the premises forthwith.

The difficulty stems from the fact that § 1123 of the Code which sets forth the mandatory and optional contents of a Plan of Reorganization provides in Subclause (b) that a debtor is authorized, subject to the provisions of § 365, to assume or reject an unexpired lease of a debtor which previously has not been rejected. Moreover, F.R.B.P. 6006 which regulates the procedure for assumption or rejection apparently provides that while generally the procedure is governed by F.R.B.P. 9014, it is not governed by that Rule if the assumption or rejection is part of a Plan. The seeming conflict caused by the fact that F.R.B.P. 6006 exempts the procedure to assume or reject a non-residential lease from the provisions of F.R.B.P. 9014 if the assumption or rejection is part of the Plan of the Debtor. In that event the Rule apparently does not require a Motion or even a court order specifically dealing with this subject.

■ However, it is a well established proposition that the Section of the Statute which expressly deals with the specific subject prevails over a Section which although refers to the subject matter does only in general terms and usually by reference. It is a basic principle of statutory construction that a precisely drawn statute dealing with a specific subject controls over a statute covering a more generalized spectrum. *Brown v. General Services Administration,* 425 U.S. 820, 834–35, 96 S.Ct. 1961, 1968–69, 48 L.Ed.2d 402 (1976). The Supreme Court has stated that "[w]here there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment." *Morton v. Mancari,* 417 U.S. 535, 50–51, 94 S.Ct. 2474, 2482–83, 41 L.Ed.2d 290 (1974)

However in this particular instance one does not need to engage in an elaborate exercise to resolve this apparent conflict because a close reading of the controlling Sections leaves no doubt that the Debtor-in-Possession may not assume an unexpired non-residential lease by bypassing the motion practice required by F.R.B.P. 6006, and in turn an approval of the Court, if the non-residential lease in question was previously rejected pursuant to the applicable provisions of Section 365.

As noted earlier, § 365(d)(4) provides for an automatic rejection of non-residential real property leases unless the debtor filed a timely motion to assume the same and is required to surrender the premises forthwith to the lessor. This being the case, this Court is satisfied that at the time the debtor filed its Plan of Reorganization or on July 20, 1993, or more than 120 days after the date of the Order for Relief, this particular non-residential lease was already rejected by operation of the law, notwithstanding that the Plan provides in general terms, using boilerplate language, that all executory contracts and unexpired leases of the debtor shall be assumed.

Moreover, § 1123(b) which authorizes an operational provision in a Plan of Reorganization concerning assumption or rejection of executory contracts and unexpired leases, clearly provides that they are all subject to the provisions of § 365 of the Bankruptcy Code. As noted earlier, subsection (a) of that Section leaves no doubt that while a debtor may assume an unexpired lease it must obtain an approval from the Court. This Court is unwilling to accept the proposition that the entry of an Order of Confirmation of a Plan which contains such unspecific reference to unexpired leases and executory contracts would be sufficient to comply with the requirements of § 365(a) of the Code.

In sum, even assuming for the purpose of discussion, without conceding that a debtor may bypass the stringent requirements for assumption of unexpired non-residential leases set forth in § 365(d)(4), clearly the assumption is still subject to court approval of a motion which must be filed by the debtor prior to the entry of the Order of Confirmation.

The fact that the Debtor remained in possession post-confirmation furnishes no solace to the lessors simply because, due to the automatic rejection of this lease, the debtor was merely a hold-over tenant under a month-to-month occupancy which the Debtor had an absolute right to terminate at any

time which in fact the Debtor did when it vacated the premises covered by this lease.

Accordingly it is

ORDERED, ADJUDGED AND DECREED that the Lessors' Motion to Compel Performance of Debtor Under The Confirmation Plan be, and the same is hereby, denied.

DONE AND ORDERED.